UNDERHILL *v.* STATE OF INDIANA.

[No. 30,792. Filed May 11, 1966.]

*Richard H. Sproull* and *F. L. Willtrout,* of Elkhart, for appellant.

*John J. Dillon,* Attorney General, *Kenneth M. Waterman* and *Donald E. Ewers,* Deputy Attorney Generals, for appellee.

ARTERBURN, J.—The defendant was charged and convicted of burglary in the second degree of a building and structure owned by Hanley Air Activities, Inc. His appeal is based on the contention that the verdict of the jury is not sustained by sufficient evidence.

The evidence shows that on the night of December 17, 1963 some persons broke into and entered two different airports near Elkhart, Indiana and carried away certain radio and navigational equipment for airplanes. One of these was the

building of Hanley Air Activities, Inc. located at the Elkhart Municipal Airport. The other was a building owned by Aero-Marine Development Corporation located on a road between Elkhart and Goshen, Indiana, a number of miles apart.

On the night of the burglary the appellant, a resident of the State of Michigan, in his Cadillac automobile with a Michigan license, was discovered by the deputy sheriff within a thousand feet of the Aero-Marine building. The sheriff was called to the scene because the appellant's automobile, while parked near the edge of the road, was hit by another automobile. The sheriff had seen the Cadillac of the appellant parked there about 45 minutes previously, unoccupied. The appellant told the deputy sheriff that he had run out of gasoline and had just returned at the time of the accident.

There is no evidence whatever to show that the appellant on the night in question was at or near the Hanley Air Activities, Inc. building at the Elkhart airport. The only connection between the two burglaries is that they occurred the same night.

The evidence further shows that on or about March 7, 1964 the appellant sold to a Valparaiso, Indiana dealer certain radio and navigation equipment which included some of that which was taken from the Hanley Air Activities, Inc. building on the night of the burglary on December 17, 1963. The appellant dealt in the type of merchandise in question, but the evidence is indefinite as to whether or not he did anything more than sell the equipment in question. There is no certain evidence that the appellant had actual physical possession of the stolen property or whether he acted as a broker or agent in selling the property. The evidence is definite that the sale was made by the appellant in his own name over the telephone.

It is argued that the "unexplained, exclusive possession of recently stolen property constitutes a circumstance from which a court may draw an inference of guilt." *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347.

This, of course, is a correct state of the law, but a period from December 17, 1963 until March 7, 1964 is quite a long period to come within the comprehension of "recently █ █ stolen property." Normally, an elapse of a few hours or a day or two or even a week under some circumstances would create such an inference, particularly if the property was concealed. Where any considerable length of time has elapsed there must be some showing between the time of the larceny or burglary and the time the defendant is discovered in possession of the property that he has had the exclusive possession during that period of time. Here there is some doubt as to whether or not the appellant ever had the physical possession of the property, aside from whether or not he secured the property by a burglary originally. Coupling with this uncertainty the lack of any proof whatever as to who burglarized the Hanley Air Activities, Inc., we find there is a failure of proof of a material element of the crime charged. We do not believe from what evidence was presented that any reasonable or legitimate inference legally may be drawn that appellant burglarized the building in question. No charge of concealing or possessing stolen property is before the court in this case.

The judgment of the trial court is reversed, with directions to grant the appellant a new trial.

Myers, C. J., Rakestraw and Jackson, JJ., concur. Achor, J., not participating.

Note.—Reported in 216 N. E. 2d 344.