## SPIKER v. STATE OF INDIANA.

[No. 30,912. Filed September 30, 1966.]

*Lewis Davis,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

RAKESTRAW, C. J.—The appellant was charged by affidavit with the crime of theft. After a trial by the court without a jury, the appellant was found guilty of theft and was sentenced to the Indiana State Prison for a period of not less than one year nor more than ten years. His motion for new trial alleged only that the conviction was not sustained by sufficient evidence and was contrary to law; and his only assignment of error in this court is the overruling of the motion for new trial.

In order to determine if the evidence is sufficient to sustain the finding of the trial court, it is necessary to review the evidence most favorable to the state. Glen Shuler testified that he was the owner and operator of a garage and body shop. That on the morning of February 7, 1965, he was called and discovered that his garage and body shop had been broken into and that an outboard motor, boat, trailer, a 19″ Sylvania television set, typewriter, and some power tools were missing. About a week later, after an anonymous telephone call, he went to another location and identified the boat, motor, and trailer by their serial numbers in the garage belonging to Thomas Cates.

Thomas Cates and his wife both testified that at about 2:00 o'clock on the morning of February 7, 1965, the appellant came to their house and asked to store the boat, motor, and trailer in their garage. He offered to give them the television set for the privilege of storing the boat in the garage. He stated at

that time that he had purchased the boat at Plainfield. A police officer testified that after his arrest he talked to the appellant on several occasions, and that the appellant gave him a different story each time. At one time he told the officer that he had never had the boat.

The appellant testified in his own defense, and his testimony was to the effect that the boat had been brought to him by one James Masso and two or three colored boys. He did not seem to know any more about James Masso or to know definitely where he lived. And he did not refer to the television set in his testimony.

It is well settled that guilt of the crime of larceny may be inferred from exclusive and unexplained possession of property recently stolen. *Lawrence; Morman* v. *State* (1963), 244 Ind. 305, 192 N. E. 2d 629; *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878; *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759. In this case the evidence clearly shows that the appellant had the stolen property within at most a few hours after the property had been taken.

The appellant contends that he has made a reasonable explanation of his possession of the property. However, even from an examination of the transcript, it appears that such explanation as he gave was vague and inconclusive. In any event, whether or not such possession is reasonably explained is a question of fact for the trial court to determine. The law is well established that this court will not weigh the evidence or determine the credibility of the witnesses. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749; *Ross* v. *State* (1933), 204 Ind. 281, 182 N. E. 865.

Since there is sufficient evidence to sustain the finding of the trial court, the Judgment is affirmed.

Myers and Arterburn, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 219 N. E. 2d 904.