MEDSKER v. STATE OF INDIANA.

[No. 31,009. Filed January 15, 1968.]

*Karl Overbeck,* of Monticello, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged and convicted of second degree burglary under Burns' Ind. Stat. Anno. § 10-701 (1956 Repl.). He appeals, and the essential claimed error is that the verdict of the jury is not sustained by sufficient evidence.

For that purpose, we must briefly review the evidence, looking at it most favorably to the State, drawing all reasonable inferences therefrom. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Majko* v. *State* (1965), 246 Ind. 499, 207 N. E. 2d 212.

The evidence shows that William J. Moore, a partner in Clark and Moore Packing Company of Monticello, Indiana, had an arrangement by which a burglar alarm sounded at his home in event the place of business was broken into after it was locked up. On October 2, 1965, at 12:35 a.m. in the night, this burglar alarm sounded. He states that he drove to the location of his company building within a few mintues; that he saw a Buick automobile in which two men were stopped in front of the drive to his building; that when he drove up he saw the appellant "walk out from behind the building" and enter the car and drive away with the two other occupants down the street, which was a dead-end road. He said he could see the appellant easily and readily identify his features, and did so at the trial. He further testified that there was "a big security light right directly by the driveway" to his building, which was on; that it came on automatically when it was

dark; that he also had his headlights turned on, which revealed the appellant plainly. He further testified that shortly thereafter the police arrived, and by that time the automobile which had gone up the dead-end road was coming back. He had placed his car in the road to block them. The police then stopped the approaching car which contained the appellant, and Mr. Moore identified him at that time.

There was further testimony by the law officers, as well as other witnesses, that they discovered the hasps on the metal door of the building were cut; that the padlock was cut and one of the doors was pried open; that the floor of the building was wet except one dry spot, and at that time there was a wet footprint on the dry spot; that there was $17.00 in a money bag that was missing that was there the evening before. The evidence further showed a bolt cutter and two crowbars were found together in a ditch alongside the dead-end road along which the automobile in which appellant was riding was driven immediately following the burglary.

An Indiana state police officer testified he was a laboratory technician; that under microscopic inspection and other examination he found minute particles and other evidence on the bolt cutter that it had been used to cut the hasps on the door. Finally, the deputy sheriff testified that while he was taking appellant from Monticello to Logansport appellant stated to him: "I may be guilty but they have to prove it" and "I've been in jail enough. I learned one thing. . . . Anybody that was guilty and pleaded guilty was nuts . . . At least you've got a fifty-fifty chance."

We may not weigh the evidence on appeal. We can only determine if reasonable inferences may be drawn from the evidence tending to support the finding of the trial court or the verdict of the jury. A case may be established by circumstantial evidence. The triers of the fact may draw reasonable inferences from facts established either by direct or circumstantial evidence, and a guilty verdict may be

based upon circumstantial evidence. *Shipman* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823; *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. El. 2d 485.

In this case there are a number of factors in the evidence which corroborate the charge of the State. This is not a case such as *Melvin* v. *State*, No. 30916 (Opinion filed January 11, 1968), where the appellant was discovered at the rear of a building he was charged with breaking into. At the time he was in a place he had a right to be—a public alleyway— about 9:30 at night. He lived in the neghborhood and there was no other evidence showing that he had broken into the building.

In the case before us the appellant was discovered, not in a public place where he had a right to be, but on private property, coming from behind a building which had a few minutes before been broken into and a burglar alarm sounded as a result of such break-in. Additionally, it is shown that there was a very short period of time (but a few minutes) between the time when appellant was found coming from the rear of the building and the time when the burglar alarm sounded. This shortness of time is further corroborated by the fact that there were wet footprints in the concrete inside the building, which normally would have dried out within a few minutes. This shortness of time is an important factor in drawing inferences from the fact that appellant was leaving the rear of the building, which had just been broken into. There is further corroborating evidence here showing that the implements used to make the break-in, namely the bolt cutter and the crowbars, were found in a ditch alongside of the dead-end road up which the appellant, with his companions, drove the night of the burglary. These were discovered the next morning.

Finally, there is the appellant's statement to the sheriff as to his guilt. He did not flatly and without equivocation deny his guilt. The jury has a right to give such statements such weight as it sees fit.

From all this evidence we believe the average man, such as a juror, would have a right to conclude from reasonable inferences that the appellant participated in and was involved in this burglary of the building in question, and the jury had a right, if it saw fit, to so conclude.

The judgment of the trial court is affirmed.

Lewis, C. J., Mote and Hunter, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 232 N. E. 2d 869.