MYERS *v.* STATE OF INDIANA.

[No. 867S60. Filed August 28, 1968. Rehearing Denied February 25, 1969.]

*Howard S. Grimm, Jr., Edgar A. Grimm,* of Kendallville, for appellant.

*John J. Dillon,* Attorney General, *Dennis J. Dewey,* Deputy Attorney General, for appellee.

MOTE, J.—This is an appeal from the conviction of Appellant of the crime of theft, as charged by the affidavit filed in the trial court. In its verdict, the jury fixed the punishment as imprisonment for not less than one (1) nor more than ten (10) years and further provided that Appellant be disfranchised and rendered incapable of holding any office of trust or profit for a period of one year.

Following pre-sentence investigation and report, the trial judge entered judgment on the jury's finding of guilty, which judgment reads as follows:

> "Comes now the defendant in the custody of the sheriff and by counsel as heretofore, and comes now the State of Indiana by Russell E. Schmidt, Prosecuting Attorney in and for the 35th Judicial Circuit. The court now informs the defendant Larry Wayne Myers that the jury in this cause of action returned against him a verdict of guilty

as charged in the affidavit, and the said defendant is now asked in open court whether he has any legal cause or reason to show why judgment should not be pronounced against him upon the verdict of the jury; and no legal cause or reason being shown it is now ordered and adjudged by the court that the defendant is twenty (20) years of age and is guilty of theft as charged in the affidavit and that the said defendant for the offense by him committed should be committed to the custody of the Department of Correction and confined in the Indiana State Reformatory for a period of not less than one (1) year nor more than ten (10) years and be disfranchized (sic) and rendered incapable of holding any office of trust or profit for a term of one (1) year, and that he pay and satisfy the costs and charges herein taxed in $————. All of which is finally ordered, adjudged, and decreed by the Court. The defendant will now be remanded to the custody of the sheriff for transportation to the Indiana State Reformatory.

The court now orders the first sentence of Paragraph 5 of the pre-sentence investigation report deleted prior to its transmission to the Indiana State Reformatory."

Appellant asserts as the only error relied upon that the verdict of the jury is not sustained by the evidence, which in effect raises the question of whether the evidence presents a question as to whether the said verdict is erroneous as a matter of law.

It is necessary for us to carefully consider the evidence adduced at the trial. The Appellee admits Appellant's condensed recital of the evidence pertinent to the issues involved is substantially correct, with the exception and addition of those portions of the transcript which are included in the "Argument" section of its brief. We note no such exceptions or additions and we think it is appropriate now to say that joinder of issues on whether Appellant's condensed recital of the evidence is sufficient by a contention such as herein stated by the Appellee is not satisfactory. This Court should not be burdened with the obligation of determining whether there are any exceptions or additions and henceforth, we shall expect more concise statements by the Ap-

pellee (the State of Indiana) in criminal cases than have been appearing in recent briefs.

As we have reviewed the evidence which was presented to the jury, it appears that Appellant regularly dealt in the purchase and sale of livestock on a fairly small basis, attending public sales when he could, making purchases and selling the same as he determined the market to afford him a profit at public sales, etc. The evidence reveals that in an attempt to protect his profit margin, he, as others in the community, including one of the Appellee's witnesses, engaged in what is known in the trade as "jockeying," which implies that in order for the owner to bid upon the property which is being offered at public sale, he lists the vendor as someone other than himself, oftentimes relatives and friends. This practice is not to be commended, although we do know that such practice and similar practices are widely employed.

Appellant sold six steers on December 29, 1966, at two different auctions. He used two names other than his own in selling the animals and testified that he did so to insure a satisfactory price for the steers.

Ivan Burger, a resident of LaGrange County, testified in substance that he was raising 42 or 43 steers on a farm located about a mile from his home; that on the morning of December 29, 1966, he went from his home to attend the cattle and observed truck tracks going out across the yard from the loading chute near which the cattle were penned and upon counting the cattle, he found that six steers, having an estimated value of between $1,000.00 and $1,200.00, were missing.

The evidence discloses that Burger was called upon to identify his cattle at the farm of Lester Mosher. Burger testified that he was able to identify two steers as being his by the presence of red stains on the sheaths of the steers. The stains were caused by a worming medicine called Phenothiazin, which Burger fed to the six steers. The medicine makes the

urine of the steer red and stains its sheath. Mosher *corroborated* Burger's testimony and said that Burger identified two steers by means of the red stains and that he, Mosher, had purchased them on December 29, 1966, at the Wakarusa Community Sale. The record further shows that these two steers were sold on December 29, 1966, by the Appellant.

Witness Burger identified three more steers as his own at the farm of Walter Pankopf. *Corroborated testimony* shows that Burger sorted out of several cattle the only ones which evidenced red stains. The record shows that these three steers were sold at the Delta Livestock Auction on December 29, 1966 by Appellant and that Pankopf purchased them there.

Burger identified the sixth steer at Stryker, Ohio, by the same method, that is by the red stains.

The Appellant admits selling the steers but contends that they were his own. He testified that he did not give any worming medicine to the six steers he sold and other evidence tends to show that any cattle of his own which he sold could not have evidenced red stains. Appellant contends that this and the other circumstantial evidence is insufficient as a matter of law to sustain the conviction of the trial court. We do not agree.

The Appellant argues that because the evidence gives rise to two reasonable inferences, the cattle sold by him were his own or that they belonged to and were stolen from Burger, this Court must reverse the conviction. Such, however, is not a proper application of the law. The jury made a finding, based on competent evidence, that the cattle were in fact Burger's. In *Christen* v. *State* (1950), 288 Ind. 30, 89 N. E. 2d 445, a murder conviction was reversed because of lack of evidence. This Court therein stated that it would not review the question of whether circumstantial evidence excluded every reasonable hypothesis of guilt. This statement was disapproved in *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874. The evidence in that case revealed that the defendant

and the deceased were seen together in a bar 8 to 12 hours before the deceased's body was found in a canal and that they left the bar together. There was no evidence to establish the approximate time of death, no evidence that the defendant possessed a gun of the caliber used to kill the deceased. This Court found that this and the other evidence presented by the prosecution was insufficient to sustain a conviction of second degree murder and stated at page 879 of 232 N. E. 2d:

". . . It is clear that where evidence is wholly circumstantial and fails to exclude every reasonable hypothesis of innocence such evidence is not sufficiently persuasive to allow a reasonable man to find the accused guilty beyond a reasonable doubt. . . ."

Further this Court stated at page 881 of 232 N. E. 2d:

"In summation, it may be said that while the prosecution has presented circumstance upon circumstance pointing in varying degrees to the probability of the appellant's guilt, still there are many notable voids in its case—too many to be ignored. The reasonable hypotheses of the appellant's innocence remain infinite in number on the basis of the record before us. . . . A verdict based merely upon suspicion, opportunity, probability, conjecture, speculation, and unreasonable inferences of guilt gleaned from the vague circumstances in the record of the evidence before us cannot be upheld. . . ."

The case at bar does not conflict with the *Manlove* standard that the evidence must be of such conclusive and persuasive force that it points surely to guilt and excludes every reasonable hypothesis of innocence. Had there been testimony by a competent witness to identify the defendant as the man he saw kill the deceased and throw his body into a canal, there can be no doubt that the conviction would be upheld. Such identification would supply evidence which would in fact exclude every reasonable hypothesis of guilt. There is such evidence in the case at bar. The voids in evidence which forced the inferences and conjectures of

which this Court disapproved in *Manlove* are not present in the instant case.

The evidence here amounts to more than a "suspicion" or a "scintilla." *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641. In examining other cases reversed for insufficiency of evidence, we find an absence of the type of competent evidence present in the case at bar. *Riggs* v. *State* (1957), 237 Ind. 629, 147 N. E. 2d 579; *Shelby* v. *State* (1950), 229 Ind. 186, 96 N. E. 2d 340; *Penn* v. *State* (1957), 237 Ind. 374, 146 N. E. 2d 240.

Burger's identification in this case was corroborated by other witnesses, thus eliminating the problem of this Court's reluctance to affirm a conviction based on the uncorroborated testimony of one witness. *Penn* v. *State, supra.*

It was the trial court and the jury which had before it the witnesses and evidence and thereon made a finding of guilty. This Court, sitting without the benefit of the trial court's facilities and opportunities, can only reverse its finding if it appears that as a matter of law an element of the offense was not established beyond a reasonable doubt. It is an inescapable fact that the record before us reveals that the jury was presented with competent evidence that Burger accurately identified the cattle as his own, which were stolen from him and which the Appellant sold. This, together with the other evidence concerning the manner in which the Appellant sold the cattle, precludes this Court from reversing the jury's finding.

Judgment affirmed.

Lewis, C. J., Arterburn and Hunter, JJ., concur; Jackson, J., concurs in result.

## ON PETITION FOR REHEARING

DeBRULER, C. J.—The only issue in appellant's petition for rehearing that was not considered and decided in the original opinion is whether appellant has a right to oral argument

before this Court. This Court refused appellant's petition for oral argument. In *Robbins* v. *State* (1969), 250 Ind. 219, 16 Ind. Dec. 368, Judge Hunter, speaking for a unanimous Court said:

"While it is true that, when an appeal is afforded to an accused, certain essentials attach to the appellate procedure, it has never been required that one such essential be oral argument. It has been the experience of this court that oral argument has proved helpful or decisive only when the issues were too complex to be adequately covered in a written brief. In the instant case we feel the briefs adequately and completely articulate the issue involved in this appeal."

On the authority of that case we deny rehearing.

Arterburn, Hunter and Jackson, JJ., concur, Givan, J., not participating.

NOTE.—Reported in 239 N. E. 2d 605. Rehearing reported in 244 N. E. 2d 649.