VAUGHN V. STATE OF INDIANA.

[No. 770S155. Filed February 10, 1971. No petition for rehearing filed.]

*Ralph L. Jewell,* of Columbus, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker, Deputy* Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit with the crime of theft. Trial by jury resulted in a verdict of guilty and a sentence to the Indiana State Prison for not less than one (1) nor more than ten (10) years.

The sole question raised on this appeal relates to the sufficiency of the evidence sustaining such conviction. Briefly stated, the evidence is as follows: On the morning of January 30, 1969, an employee of Farmer's Marketing Association, Columbus, Indiana, arrived at his place of employment, a saddle shop, and discovered two saddles and some other items missing. The theft was immediately reported to the police; an examination of the premises disclosed that entry had probably been accomplished by prying open a rest room window.

On February 8, 1969, appellant asked one Arthur Petro if he would assist him in selling a couple of saddles which he

claimed to have brought back with him from California. Petro agreed and they drove to Scottsburg, Indiana, where appellant sold the two saddles for a total of one hundred and twenty five dollars ($125). Both saddles were subsequently resold by the purchasing party in Scottsburg, but one was recovered and was identified as being one of the saddles stolen from the saddle shop.

Appellant, at trial, testified that he had originally purchased the saddles on the evening of January 31, 1969, from an individual he met in a bar on his way home from work. According to appellant, he purchased the saddles for one hundred and fifty dollars ($150) with the understanding that he was to keep them for a week to enable the man to redeem them; if they were not redeemed, the saddles were to be the property of appellant.

As pointed out by appellant, the evidence in this case is wholly circumstantial and, being of the nature that it is, appellant urges its alleged in sufficiency as cause for reversal. However, it has long been held that possession of stolen property shortly after the time of the theft is a circumstance from which a jury is entitled to draw an inference of guilt. *Bolton* v. *State* (1970), 254 Ind. 648, 261 N. E. 2d 841; *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45; *Spiker* v. *State* (1966), 247 Ind. 595, 219 N. E. 2d 904; *Underhill* v. *State* (1966), 247 Ind. 388, 216 N. E. 2d 344; *Colton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158; *Johnson* v. *State* (1964), 245 Ind. 295, 198 N. E. 2d 373 and other cases too numerous to cite. By the direct admission of appellant, he had possession of the saddles within at least two days of the theft. What inferences are to be drawn from this fact was a matter for the jury and not this court, as was the credibility of appellant's story relating to his purchase of the saddles from a stranger in the bar. Likewise such matters as appellant's familiarity with horses, horse equipment and the horse business, his sale of the saddles for substantially less than their actual value and his conflicting representations to

Petro and the Police regarding his acquisition of the saddles were all facts which the jury may have cumulatively weighed in determining appellant's guilt.

That a conviction may be sustained wholly on circumstantial evidence is not in doubt provided the evidence is of such probative value that a reasonable inference of guilt may be drawn. *Coach* v. *State* (1968), 250 Ind. 226, 235 N. E. 2d 493; *Medsker* v. *State* (1968), 249 Ind. 369, 232 N. E. 2d 869; *Melvin* v. *State* (1968), 249 Ind. 351, 232 N. E. 2d 606; *Stallings* v. *State* (1967), 249 Ind. 110, 231 N. E. 2d 29.

We are here unable to say that the evidence was, as a matter of law, insufficient to support appellant's conviction. For this reason the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—I joined in the dissent of Judge Amos Jackson in *Bolton* v. *State* (1970), 254 Ind. 648, 261 N. E. 2d 841, cited by the majority. That dissent applies with equal vigor here. In that case the evidence first placed the defendant in possession of a tractor, at least a week after it had been stolen. The Court in affirming Bolton's conviction held:

> "We hold that the State had made its *prima facie* case before the trial court when it presented evidence of exclusive possession in appellants shortly after the theft of the tractor. The weight of this evidence was to be determined by the trier of fact and not by this court. At the point in the trial when the state had made its *prima facie* case, if the appellants had evidence which would have explained their possession it was their privilege to present the same. In the absence of such explanation, the trier was entitled to believe the evidence presented by the state in making its *prima facie* case. (See Durrett, *supra.*)"

We dissented to that holding in part on the ground that evidence of possession of stolen goods, a week after their

theft, *standing alone,* would be insufficient to sustain a conviction for the theft of those goods. In like fashion, I would hold in the case at bar that the jury was not entitled to draw the inference that the defendant was guilty of stealing the saddles, solely from his possession of them two days after they had been stolen.

NOTE.—Reported in 266 N. E. 2d 219.