ALONZO GUNN; JAMES GUNN *v.* STATE OF INDIANA.

[No. 570S117. Filed April 24, 1972. Rehearing denied June 1, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

PRENTICE, J.—Defendants (Appellants) were convicted by jury of entering to commit a felony, in violation of Acts of 1941, ch. 148, § 5, 1956 Repl. Burns Ind. Stat. Ann. § 10-704, IC 1971, 35-13-5-5. They were sentenced to imprisonment for an indeterminate period of not less than one nor more than five years and disfranchised. On appeal, only the sufficiency of the evidence is challenged.

At approximately 2:30 a.m., in response to instructions from police headquarters, two police cars went to the scene of an apparent break-in. The scene was a department store situated in a shopping center. It had last been seen in its normal state at 4:00 p.m. on the preceding day. One of the officers went to the rear of the store and one to the front. The one going to the rear came upon the defendant, Alonzo Gunn, sitting in his automobile parked nearby with the engine running. A pair of bolt cutters were in the vehicle. At the same time, this officer saw another man run from the area of the store's loading dock. The unidentified man ran around the building, and the officer radioed this information to the other policeman, who had been dispatched to the front of the premises. The officer at the front, shortly thereafter, apprehended the defendant James Gunn, walking around the building but winded and breathing hard. An inspection of the store disclosed that it had been broken into by breaking through a door panel. Property therein had been moved about, but none had been removed. Inside, padlocks on two doors had been cut. Outside, the padlocks on two trailers had been cut. The bolt cutters were introduced into evidence, although the padlocks were not,

and Officer Walterman, testifying for the State, said that in his opinion the bolt cutters were capable of cutting the locks.

The defendants were apprehended in the immediate area of where a burglary was either in progress or had very recently been attempted. One was in a position to serve as both a lookout and driver for the fast get-away. It was a time of night when the premises were not open for business and it is unlikely for them to have been there for legitimate purposes. A tool capable of having cut the padlocks was in the vehicle. One fled the scene. All of the foregoing factors give rise to an inference of guilt, and circumstantial evidence, standing alone, may be sufficient to support a conviction if it is of such probative value that a reasonable inference of guilt may be drawn therefrom. *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N. E. 2d 219.

When the sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502.

The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra; Gibson* v. *State, supra; Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383.

This Court, on appeal, will not weigh the evidence nor determine the credibility of witnesses. *Fuller* v. *State, supra; Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

Although the evidence in this case is circumstantial only, we cannot say, as a matter of law, that the jury acted unreasonably. We cannot say that there was a complete lack of

evidence from which a reasonable man could infer, beyond a reasonable doubt, that the defendants broke into and entered the premises with intent to commit a felony therein. The verdict does not transgress the principles set forth in *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, and the judgment is affirmed.

Arterburn, C. J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 484.