CHARLES HARGRAVES *v.* STATE OF INDIANA.

[No. 472A206. Filed October 26, 1972.]

*Richard C. Brunt,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Hargraves) is appealing his conviction of theft. The two allegations of error are that the finding of guilt by the court is contrary to law and the evidence. It is Hargraves' position that mere possession of the goods of another without an intent to wrongfully deprive the owner of the same is insufficient to sustain a conviction under the evidence of this case.

The indictment charged Hargraves with having "knowingly, unlawfully, and feloniously obtained and exerted unauthorized control over" a citizen's band radio belonging to Pierce. The court found Hargraves "guilty of theft . . . in a sum of less than one hundred dollars" and sentenced him accordingly.

Hargraves' argument is focused upon the following sections of the Offenses Against Property Act, namely:

"A person commits theft when he (1) knowingly:
(a) obtains or exerts unauthorized control over property of the owner; or

\* \* \*

(f) obtains control over stolen property knowing the property to have been stolen by another. . . ." IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (1) (a) and (f) (Burns 1972).

It has been held that:

". . . the fact that there is no clear legislative intent to the contrary, and the distinction between the two charges under § 10-3030 (a) and (d), supra, [now (f) subsequent to 1971 Amendment] we feel constrained to hold that these two subsections present two separate crimes." *Coates* v. *State* (1967), 249 Ind. 357, 360, 229 N. E. 2d 640, 642. See also: *Lawrence* v. *State* (1968), 250 Ind. 161, 235 N. E. 2d 198.

The facts show the radio was taken from Pierce's locked car. Two or three days later, Pierce saw his radio at the home

of a friend named Holland. Holland, having seen the radio prior to the theft, had purchased the radio from one Livingston and advised Pierce. Pierce identified the radio as his and called the police. Livingston had purchased the radio from the defendant, Hargraves. Hargraves produced witnesses who testified that he had purchased the radio from an unidentified person.

Recognizing the oft-cited proposition that this court will not weigh evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict, we are of the opinion there was a failure of proof (see *Coates, supra*), upon the crime charged in the affidavit.

The State posits that unexplained exclusive possession of recently stolen property constitutes a circumstance from which a court may draw an inference of guilt and cites *Hancock* v. *State* (1971), 256 Ind. 337, 268 N. E. 2d 743, *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N. E. 2d 219, and *Bolton* v. *State* (1970), 254 Ind. 648, 261 N. E. 2d 841. The basic premise is correct.

However, as in *Underhill* v. *State* (1966), 247 Ind. 388, 216 N. E. 2d 344, "We do not believe from what evidence was presented that any reasonable or legitimate inference legally may be drawn . . ." (216 N. E. 2d, at 345) that Hargraves committed theft as defined by Ind. Ann. Stat. § 10-3030 (1) (a) (Burns 1967).

Nor does the evidence exclude all reasonable hypotheses of innocence, as required when circumstantial evidence is relied upon for conviction. See: *Hardesty* v. *State* (1967), 249 Ind. 518, 231 N. E. 2d 510, *Myers* v. *State* (1968), 251 Ind. 126, 239 N. E. 2d 605.

Judgment reversed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 288 N. E. 2d 194.