## WILBURN RODMAN *v.* STATE OF INDIANA.

[No. 1-772A30.  Filed February 13, 1973.]

*James W. Pendland,* of Mitchell, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Rodman) is appealing his conviction of being an accessory to Theft and Auto Banditry.  The trial was by jury.

The alleged errors raised in the appeal are there was insufficient evidence to sustain the conviction, the court erred in failing to direct a verdict in favor of Rodman, and it was error to allow certain testimony by the Deputy Sheriff.

This court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the state and the reasonable inferences therefrom which support the verdict of the trial court or jury.  *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *Davis* v. *State* (1971), 257 Ind. 46, 271 N.E.2d 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N.E.2d 407; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N.E.2d 593; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N.E.2d 611.

Rodman's primary argument is directed to the alleged lack of positive identification of Rodman, the car, and the goods found in the car.

The evidence reveals that Mr. and Mrs. Stevenson were awakened by the sound of breaking glass at about 4 A.M. on the morning of July 14th, 1971. They arose and observed someone inside the Springville Recreation Hall which was located across the road from their home. Mrs. Stevenson called the Sheriff's office while Mr. Stevenson observed a car driving slowly back and forth on the road separating the Stevenson residence and the recreation hall. Mr. Stevenson testified it was the same car each time. After several such trips, the car pulled into the parking area in front of the recreation hall. The person in the hall came out through the broken glass door and got into the car. He was carrying a box.

The car hurriedly left the parking area just as Deputy Couch drove up. Mr. Stevenson watched the Deputy begin pursuit of the car. The Deputy succeeded in stopping the car about a mile and a half down the road. The defendant Wilburn Rodman was driving and Bruce Rodman was the passenger.

Deputy Couch discovered twenty-nine 45 RPM records, twenty-one Swisher Sweet Cigars, and several cartons of various brands of cigarettes were found in the back seat of the car.

The proprietor of the Springville Recreation Hall inventoried his stock, and testified that about thirty 45 RPM records, twenty-eight cigars, and nine or ten cartons of cigarettes had been stolen. He further testified that the glass of the front door to the building was broken and that he had not given permission for anyone to be on the premises at that time.

Identification as having been seen in the vicinity of a burglary and fleeing upon being interrupted by the police is evidence of guilt. *Thomas* v. *State* (1970), 254 Ind. 561, 261 N.E.2d 224.

Additionally, an inference of guilt may be drawn from possession of stolen property shortly after a crime. *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219.

> "Although the evidence in this case is circumstantial only, we cannot say, as a matter of law, that the jury acted unreasonably. We cannot say that there was a complete lack of evidence from which a reasonable man could infer, beyond a reasonable doubt, that the defendants broke into and entered the premises with intent to commit a felony therein. The verdict does not transgress the principles set forth in Baker v. State (1956), 236 Ind. 55, 138 N.E.2d 641, * * *". *Gunn* v. *State* (1972), 258 Ind. 374, 281 N.E.2d 484, 486.

We find no error in a failure of the trial court to direct a verdict, nor in the sufficiency of the evidence in support of the verdict.

Rodman objected to the Deputy testifying as to a comment made by Bruce Rodman, who said they had just left the recreation hall parking lot. The objection was predicated upon hearsay.

We are of the opinion that Bruce Rodman's comment comes under the "res gestae" exception to the hearsay rule in that it was a statement made substantially contemporaneously with the main fact. *Kiefer* v. *State* (1960), 241 Ind. 176, 169 N.E.2d 723, I.L.E. Criminal Law § 221, 22A C. J. S. Criminal Law § 662. 2 Jones on Evidence § 10:1.

Verdict affirmed.

Lowdermilk and Lybrook, JJ., concur.