ROBERT WARD v. STATE OF INDIANA.

[No. 1271S355. Filed April 12, 1973.]

*Dean E. Richards,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged in two counts of theft under IC 1971, 35-17-5-3, BURNS' IND. STAT. ANN., 1972 Supp., § 10-3030, which reads in pertinent part as follows:

"A person commits theft when he (1) knowingly:
"(a) obtains or exerts unauthorized control over property of the owner; . . . and
"(2) either:
"(a) intends to deprive the owner of the use or benefit of the property; . . . ."

Count 1 of the affidavit was for theft of lawn furniture; count 2, for theft of a riding lawn mower. Appellant was acquitted on count 1 and convicted on count 2. Upon his conviction he was sentenced to jail for a period of 120 days and fined $200.

The record reveals the following facts:

In early March, 1971, a blue and white 24 inch Fairlane riding lawn mower in operable condition was stolen from Egon Egony in Plainfield, Indiana. On March 10, 1971, appellant was arrested at the Richwine Auction in Hendricks

County. At the time of his arrest he had in his possession in the back of his station wagon the above described lawn mower which Mr. Egony valued at $150. At the time of his arrest the appellant had just sold lawn furniture, which was also stolen, to the management at the auction. There was also evidence that he had recently sold a stolen flower box. In addition there was evidence that appellant had stayed in a motel near the scene of the thefts during the time in question.

Appellant took the stand in his own defense and testified that he had purchased the lawn mower in an unusable condition from one Rick Owens of Indianapolis for $20. He stated that he took the mower to C & J Law Mower Service in Brownsburg, Indiana, where it was repaired. Neither Owens nor Charles Powell, the owner of C & J Lawn Mower Service, testified at the trial.

Appellant's sole contention of error was that there was insufficient evidence to support the conviction.

Appellant cites *Underhill* v. *State* (1966), 247 Ind. 388, 216 N. E. 2d 344, 8 Ind. Dec. 262, in support of his contention that there must be evidence that he had exclusive possession from the time of the theft to the time of the arrest. In *Underhill* this Court said:

> "Where any considerable length of time has elapsed there must be some showing between the time of the larceny or burglary and the time the defendant is discovered in possession of the property that he has had the exclusive possession during that period of time."
247 Ind. at 390, 216 N. E. 2d at 345, 8 Ind. Dec. at 263.

However, it is obvious that appellant's possession may be inferred from the circumstantial evidence in the case. If we were to require direct proof of his exclusive possession beginning at the time of the theft, the state in such a case would obviously have direct evidence of the theft itself, and there would be no necessity to engage in a presumption growing, in part, out of the fact of possession.

In the instant case the state produced evidence that at the

time of his arrest the appellant was in possession of a lawn mower which had been stolen approximately a week before; that he had transported the lawn mower to a location where a ready sale was a high probability, and that in addition to the lawn mower he had also transported furniture which had been stolen less than a week before and, in fact, sold it to the auction sale management. In *Tuggle* v. *State* (1969), 253 Ind. 279, 283, 252 N. E. 2d 796, 799, 19 Ind. Dec. 587, 591, this Court stated:

> "That he intended to permanently deprive Mrs. Mann of the use or benefit of said property may reasonably be inferred from the fact of unauthorized possession and the totality of the circumstances surrounding the events in this case."

Appellant argues that there was no evidence that he, in fact, committed the theft stating that his later possession of the lawn mower was not close enough in time to warrant an inference that he had committed the theft. Closeness of time is only one fact to be weighed with all others in drawing an inference of guilt from circumstantial evidence. In *Bolton* v. *State* (1970), 254 Ind. 648, 261 N. E. 2d 841, 22 Ind. Dec. 606, this Court held that one week was sufficiently close when considered with other evidence to infer guilt. In *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N. E. 2d 219, 24 Ind. Dec. 554, a period of eight days had elapsed.

We hold that the lapse of the period of time and the circumstances under which appellant possessed the mower at the time of his arrest were facts from which the trier of fact could logically conclude that the appellant was guilty of the theft of the lawn mower.

Appellant also asserts that since he testified as to how he came into possession of the property it cannot be said that his possession was "unexplained" as required in *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347, 2 Ind. Dec. 535. The mere fact that appellant testified concerning his possession of the lawn mower does not auto-

matically "explain" his possession. Such possession remains unexplained unless the trier of fact believes the testimony submitted by the appellant. This Court will not weigh the evidence nor determine the credibility of the witnesses. The trial court was within its province to believe or disbelieve the testimony of any witness including the appellant. *Hash* v. *State* (1973), 259 Ind. 683, 291 N. E. 2d 367, 34 Ind. Dec. 635.

The trial court is affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 294 N. E. 2d 796.