JOHN P. FRAZIER v. STATE OF INDIANA.

[No. 2-972A62. Filed December 13, 1973. Rehearing denied January 16, 1974.]

*David R. Ball, Butcher & Ball,* of Kokomo, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant (John) was convicted, at a trial without jury, of an Aggravated Assault and Battery on his wife (Rebecca) who divorced him after the incident and before the trial. His motion to correct errors and brief here assert that the guilty finding is not sustained by sufficient evidence and is contrary to law. The reasons given are that:

1. There is no evidence that he inflicted the injuries to the top and side of Rebecca's head.

2. The State failed to prove that he "committed the alleged felony *intentionally* or *knowingly.*"

To sustain either of these contentions would require that we draw from the evidence those inferences most favorable to John and reject those favorable to the State. The rule governing appellate review, of course, is quite to the contrary.

> "We may not weigh the evidence on appeal. We can only determine if reasonable inferences may be drawn from the evidence tending to support the finding of the trial court. . . ." *Medsker* v. *State* (1968), 249 Ind. 369, 371, 232 N.E.2d 869, 870, 12 Ind. Dec. 513, 515.

We therefore affirm.

I.

The first contention is based on Rebecca's answers to the following questions:

"Q. Will you please tell the court the specific places that he struck you with his fists?

"A. On my face and on my arms and my chest.

"Q. Now, going to the shotgun, can you tell the court specifically the places that he struck you with the shotgun?

"A. In my left eye.
"Q. Was it above the eyebrow or below the eyebrow?
"A. Right in the eye."

She thereafter testified to lacerations on the top and side of her head without specifically saying that they were inflicted by John. The implication is quite clear from a reading of the whole of her testimony that she intended for the court to believe that all her injuries were inflicted by John at about 1:30 A.M. on July 24, 1971, at their home. While it is possible, of course, that she was attempting to mislead the court as to the severity of her beating by John without making an expressly untrue statement, there is nothing to support that inference except the failure to include the top and side of head in her list of specific places where John struck her with his fists or the shotgun butt. If the court inferred from her whole testimony that all her injuries were John's work product and that it was mere oversight that caused the omission from her answer of some of the places he struck her, we cannot say that the inference was unreasonable.

## II.

John testified in his own behalf. He did not deny that he beat Rebecca but said that he had no recollection of what happened. He testified to having "blacked out" on a subsequent occasion and that he had had an emotional problem and has received counseling. No doctor or counselor was called as a witness. His only substantiation was the testimony of his mother who told how astonished he was the next day to learn from her that he had beaten Rebecca. He also calls attention to the fact that Rebecca testified that after he quit beating her he "passed out" and she then left the home and went to his mother's. Rebecca did not explain what she meant by "passed out", but both she and John testified that they had spent a long evening (until after midnight) at their next door neighbor's home drinking and talking about motorcycles.

676

All of this, appellant argues, demonstrates that John had no criminal intent. Assuming, without deciding, that the trier of fact might well have reached that conclusion, it was still his decision to make. He had the duty of weighing that evidence against Rebecca's testimony of what John actually did to her and deciding whether his actions spoke louder than his words. It is not within the province of this court to determine which of two logical, but opposing, inferences the trier of fact should have drawn from the evidence. *Young* v. *State* (1971), 257 Ind. 173, 177, 273 N.E.2d 285, 287, 27 Ind. Dec. 54, 57.

Judgment affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 304 N.E.2d 327.