CARZAN CLARENCE GAINES *v.* STATE OF INDIANA.

[No. 3-1273A184. Filed October 8, 1974.]

*Dolores Goldman*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General, *Henry O. Sitler*, Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Carzan Clarence Gaines (Gaines) was charged by affidavit with the theft of an automobile, and was found guilty following a trial to the court. His motion to correct errors was overruled and this appeal followed.

The facts and inferences most favorable to the State establish that on the night of October 31, 1972, someone illicitly gained entry to the premises of Peter Shaver Lincoln Mercury, Inc., in Hammond, Indiana. A large mechanic's tool box and a dark gold 1971 Chevrolet Corvette Stingray were stolen. This automobile was removed from the service area of the dealership through a rear overhead door opening onto an alley. The Corvette was driven at a high rate of speed, and at one point in the alley struck a large post, but continued on.

Following the collision with the post, the Corvette began to leak water and thus left a trail as it traveled a few blocks, then veered off the street crashing into the front steps of a house. The defendant was alone inside the Corvette following the crash. As the defendant emerged from the automobile,

with a bleeding lip sustained in the collision, he was observed by a woman in the adjoining house. Her son, a police officer, was at home at the time and apprehended Gaines as he attempted to casually leave the scene.

On appeal, Gaines asserts that the conviction of the trial court is erroneous in that there is only circumstantial evidence showing he committed the theft of the automobile, and the evidence is insufficient to establish each material element of the offense.

The evidence shows that the defendant was driving the Corvette an indefinitely brief period of time after it was stolen; that he was using it to transport a box of tools; that he attempted to escape from the vicinity of the automobile when it became immobile; and that he refused to accompany the police officer back to the scene of the final crash.

In reviewing the sufficiency of the evidence to support this conviction, this court may not weigh the evidence nor determine the credibility of witnesses, but rather may only look to the evidence and inferences therefrom which support the finding of the trial court. *Shank* v. *State* (1972), 154 Ind. App. 147, 289 N.E.2d 315, 33 Ind. Dec. 527. Furthermore, a conviction may be supported wholly by circumstantial evidence if it is of such probative value that a reasonable inference of guilt may be drawn therefrom. *Gunn* v. *State* (1972), 258 Ind. 374, 281 N.E.2d 484; *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219.

The following reasoning from *Shank* v. *State, supra,* at 151 of 154 Ind. App., at 317-318 of 289 N.E.2d, is applicable here:

"In the case at bar the State was required to establish that the defendant knowingly obtained or exerted unauthorized control over the automobile with the intent to deprive the owner of the use thereof. See: IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns 1972 Cum. Supp.).[1]

\* \* \*

1. This is the same statute under which the defendant was convicted.

"IC 1971, 35-17-5-13, Ind. Ann. Stat. § 10-3040 (Burns 1972 Cum. Supp.), provides, in pertinent part, as follows:

'(8) "Knowingly" means that a person knows, or acts knowingly or with knowledge, of: (a) the nature or attendant circumstances of his conduct, described by the section defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

'(b) The result of his conduct, described by the section defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct.

\* \* \*

'(10) "Obtains or exerts control over property" includes but is not limited to the taking, carrying, driving or leading away, concealment, or the sale, conveyance, encumbrance, transfer of title to or interest in, or possession of property, or the securing or extending a right to retain that to which another is entitled.'

"Also, in Williams v. State (1969), 253 Ind. 316, at 321-322, 253 N.E.2d 242, at 246, 19 Ind. Dec. 623, it was stated:

'By contrast the word *control* means the power or authority to manage, superintend, restrict, regulate, direct, govern, administer or oversee. Black's Law Dictionary, Fourth Edition. It is the power or authority to manage . . . restrict. State v. First State Bank of Jud. (1924), 52 N.D. 231, 202 N.W. 391.

'Ordinarily "control" means . . . power or authority to check or restrain; regulating power; restraining or directing influence . . . *so to it may imply, or not imply possession, depending on the circumstances* . . .' 18 C.J.S., p. 28 (our emphasis)

'See also the varying definitions of "Control" in 9A Words and Phrases, p. 4 and following.'

"It has also been held that possession of stolen property shortly after a theft may support an inference of guilt. Swift v. State (1970), [255] Ind. [337], 264 N.E.2d 317; Freeman v. State (1967), 249 Ind. 211, 231 N.E.2d 246. Finally, in Tuggle v. State (1969), 253 Ind. 279, 283, 252 N.E.2d 796, 799, it was held that intent to permanently deprive the owner of the use or benefit of property may reasonably be inferred from unauthorized possession and

636

the totality of circumstances surrounding the events in the case.

"In the case at bar, the evidence as hereinabove set forth has sufficient probative value from which the trier of fact could reasonably have inferred that the defendant was guilty beyond a reasonable doubt of each element of the offense charged."

The defendant's attempted escape from the scene of the final collision indicates his awareness that he was wrongfully in. possession of the property of another. Furthermore, he had exerted control over the property by driving it, and his intent to deprive the owner of the use of the property was evidenced by his use thereof without the owner's permission. It cannot be said that any material element of the offense was not proven herein or that any circumstantial evidence relied on in proving those elements is not of such probative value that a reasonable inference of guilt may be drawn therefrom.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 316 N.E.2d 842.