Jerry Lee GORMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 982S351.

Supreme Court of Indiana.

March 21, 1984.

Sheila Suess Kennedy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Gorman was charged in a three count information with burglary and theft and with having accumulated two prior unrelated felony convictions. Trial before the court resulted in discharge on motion as to the burglary, in conviction on the theft charge, and in a positive determination as to the habitual offender count. He received a sentence of thirty-two years.

The allegations in the theft charge were that appellant:

"on or about the 21st day of October, A.D., did unlawfully and knowingly exert unauthorized control over the property of RUBY HILL, to-wit: A TELEVISION,

AND A WRISTWATCH, with intent to deprive RUBY HILL of any part of the value or use of said property...."

The claim on appeal is that the evidence was insufficient to prove that appellant's possession of these items shortly after they were stolen was accompanied by his knowledge that they were stolen and thus the intent necessary to a finding of guilty. In dealing with this claim we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

 The evidence at trial upon which the finding of guilt could be reasonably deemed to rest was that a woman residing in her home in Indianapolis, left for work at 6:45 a.m. on October 21, 1981. She returned from work that afternoon to discover a door of her house standing open. A kitchen window had been completely broken out. Inside the house, drawers were wide open and boxes were sitting all over. Things had been disturbed throughout. Two television sets, a stereo and speakers, a wristwatch, a ring, and a blanket from the bed had been stolen. At 10:40 a.m. that same morning of the 21st of October, appellant sold one of the stolen TV sets and the ring at a second hand store and received $15.00 for each item. Two days later on October 23, 1981, he sold the stolen wristwatch at the same place, and received $2.00. On both occasions, appellant provided his true name and a thumb print. This was the sum total of the evidence.

Indiana Code § 35–43–4–2 sets out the elements of theft:

"(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits Theft...."

It is appellant's position that the prosecution was required to establish that he knew the items were stolen at the time he possessed and sold them. We would agree that evidence of this factor was required, and that the evidence of it at trial was entirely circumstantial. Appellant would acknowledge that circumstantial evidence of a state of mind or fact is not necessarily insufficient, but may yield up a reasonable inference of guilt, and yet contends that no such inference arises here. Upon reflection, there are several inferences which arise from the proof, which tend to support the inference of knowledge and intent. The time between the woman's departure for work and appellant's arrival at the second hand store was slightly short of three hours. During that time the burglar would have had to approach the house, and select a means of entrance. The window would have then been broken out completely and the entrance achieved. Considerable time would have expired while the search for and selection of valuable items was made in the nooks and crannies of the house. The items would then have been removed from the house in a stealthy manner and transported to the second hand store. The shorter the lapse of time between the taking and sole possession in the accused, the more likely it is that he is aware that it is contraband. *Underhill v. State*, (1966) 247 Ind. 388, 216 N.E.2d 344. The character of the items involved can also provide support for an inference of knowledge. Here that support is small, but present nevertheless. These items were of a personal type, several in number and such as could be easily carried about and are naturally the target of thieves. The assumption of possession of a group of such items for immediate sale at a second hand store as an agent for someone else supports an inference that there is knowledge of their contraband character. Another supporting inference is that appellant chose to engage in representing himself as the owner of the items and sold them for a small amount of cash. That conduct supports an inference of their contraband character and is inconsistent with a recent inno-

cent purchase. Based upon the evidence here sufficient as against the claim as made.

■ Appellant points out that the State's proof showed that appellant did not try to conceal his true identity as he negotiated the sale of the items and that such fact is consistent with innocence. A similar argument was made in *Muse v. State*, (1981) Ind., 419 N.E.2d 1302, where the defendant was openly using a stolen van without attempting to hide it or its identifying characteristics. The Court concluded that such argument is a mere invitation at the appellate level to weigh the evidence, which we cannot do.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.