**Leslie EARLS, Appellant,**
**(Defendant below),**

v.

**STATE of Indiana, Appellee,**
**(Plaintiff below).**

**No. 485S131.**

Supreme Court of Indiana.

March 5, 1986.

L.R. Turner, Public Defender, Wayne County Courthouse, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Leslie Earls was convicted of receiving stolen property, a class D felony, and possession of marijuana, a class A misdemeanor, at the conclusion of a jury trial in the Wayne County Superior Court. The jury also found Appellant to be an habitual offender. The trial court sentenced Appellant to one (1) year for the possessory offense and two (2) years for receiving stolen property, the sentences to run concurrently. The latter sentence was enhanced by thirty (30) years due to the habitual offender finding. The following issues are raised for our consideration on direct appeal:

1. whether the conviction was based on sufficient evidence; and 2. whether evidence seized from Appellant's vehicle and certain oral statements by Appellant were properly admitted.

Richmond police officers were dispatched to a parking lot in order to investigate an automobile suspected to be involved in the theft of hubcaps. They spotted the car in a nearby parking lot. The officers stopped the car upon matching its license plate with that of the car in the dispatch and noting the driver, Appellant, matched the description of the driver in the dispatch. The officers noticed several hubcaps in the car. Appellant produced a driver's license bearing a picture which did not resemble him, and gave a social security number and birthdate which did not match those on the license. Appellant told the police officers he was in town to sell the hubcaps but refused to name the buyer. Appellant allowed the officers to look in the trunk of the car, where they found more hubcaps. The officers then discovered a "roach clip," marijuana residue, and marijuana seeds inside the car. A further search of the vehicle revealed two marijuana cigarettes.

Later that day Penny Mullins identified a set of hubcaps found in the car as those stolen from her car that same day. Pry marks on Mullins' car matched those on the hubcaps.

## I

■ Appellant maintains there is insufficient evidence to support his conviction for receiving stolen property, especially in regard to the element of the crime that Appellant knew the hubcaps were stolen. Appellant maintains the jury's finding was based solely on his possession of the hubcaps, and that such is insufficient evidence of knowledge on his part.

Our standard of review for issues of sufficiency of evidence has long been that we will not reweigh the evidence nor will we judge the credibility of witnesses, but we will look only to evidence most favorable to the State along with all reasonable inferences therefrom; if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the conviction will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. This Court held in *Mims v. State* (1957), 236 Ind. 439, 444, 140 N.E.2d 878, 880, that exclusive possession of property shown to have been stolen, shortly after the larceny, unquestionably is a circumstance to be considered by the jury, and if the proof is made that such larceny was recently committed and there is no evidence to explain the defendant's possession, a larceny conviction based on such evidence will be sustained on appeal. This principle was reaffirmed when we further said that both the exclusive possession of stolen goods as well as a knowledge that the goods were stolen may be proved by circumstantial evidence. *Muse v. State* (1981), Ind., 419 N.E.2d 1302, 1303–1304, *citing Ward v. State* (1973) 260 Ind. 217, 294 N.E.2d 796. *See also Prentice v. State* (1985), Ind., 474 N.E.2d 496, 499; *Gorman v. State* (1984), Ind., 460 N.E.2d 968, 969. In *Gorman* it was provided that the shorter the lapse of time between the taking and the sole pos-

session in the defendant, the more likely it is that he knows that it is contraband.

Here, Appellant was the sole occupant of the car when he was stopped and was in exclusive possession of the hubcaps and the marijuana. He additionally produced a false driver's license from which it could be inferred he was attempting to conceal his identity. He also gave a name and social security number that did not match the driver's license or the registration plates on the vehicle. He was in possession of an uncommonly large number of hubcaps in both the interior and trunk of his vehicle for which he gave no explanation. One of the sets of hubcaps which was identified by the owner, from whom they had been stolen earlier that day, had pry marks on them that matched marks on the owner's vehicle. From all the facts and inferences to be drawn that were before the jury, we find there was sufficient evidence of probative value to support their verdict.

■ Appellant also contends there was insufficient evidence to find him an habitual offender since State's Exhibit Nos. 32 and 33 were not authenticated as required by Ind.Code § 34–1–18–7. State's Exhibit No. 32 contained records that a Leslie Earls had been charged and convicted of a felony in California. State's Exhibit No. 33 indicated a conviction and commitment to the Indiana Department of Corrections on a second felony. Both Exhibits complied with Indiana Rules of Trial Procedure 44(A)(1). We have held that this Rule is an alternative to other methods of authentication and is a sufficient means of certifying court records in habitual offender proceedings. *Thomas v. State* (1983), Ind., 443 N.E.2d 1197, 1200; *Hernandez v. State* (1982), Ind., 439 N.E.2d 625, 630.

■ Appellant further argues there was no proof beyond a reasonable doubt that it was he who was convicted of the two prior felonies. In addition to the certified records of State's Exhibit No. 33, a security guard testified that she was present in court when Appellant Leslie Earls was convicted and sentenced on that felony. In the case of the California conviction, a police

officer from Orange County, California, testified that he was present in court when Appellant Leslie Earls was charged with that felony, but not when Appellant was convicted and sentenced for said charge. The certified records in State's Exhibit No. 32 indicate Appellant Leslie Earls was charged and convicted. This is sufficient evidence to identify Appellant as the same Leslie Earls who was charged and convicted in the two previous felonies. There is, therefore, sufficient evidence to support the habitual offender finding.

## II

■ Appellant contends that wheel covers seized from the trunk of his vehicle and photographs of these wheel covers were improperly admitted into evidence since they were fruits of an illegal search. He further claims statements he made to police were improperly put into evidence since he was not advised of his *Miranda* rights prior to making such statements. Police officers testified that Appellant consented to the search of the interior and trunk of his automobile and, in fact, unlocked and opened the trunk for them. Appellant testified that he did not give the officers permission to search the trunk and that they did so against his will. Therefore, there was a conflict of evidence on this point and the jury was at liberty to accept whichever testimony it considered true. *Lewis v. State* (1982), Ind., 438 N.E.2d 289, 294. We consider this as any other question of fact and neither reweigh the evidence nor judge the credibility of the witnesses. *Harris,* Ind., 480 N.E.2d at 937. Where a defendant voluntarily consents to a search, that search may not be contested as illegal at a later time. *Burris v. State* (1984), Ind., 465 N.E.2d 171, 183, *reh. denied* (1984), U.S. *cert. denied,* (1985), — U.S. —, 105 S.Ct. 816, 83 L.Ed.2d 809.

■ Finally, we consider Appellant's claim that statements made by him to police prior to being given *Miranda* warnings were put into evidence. The only such statement put into evidence was one in which he told police he was in town to sell hubcaps. In *Terry v. Ohio* (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–1880, 20 L.Ed.2d 889, 905–906, the United States Supreme Court held a police officer may make an initial or investigatory stop of a person or automobile under circumstances where probable cause for arrest is lacking, if facts known to the officer at the time of the stop are such as to warn a man of reasonable caution that an investigation is appropriate. The United States Supreme Court further held in *Adams v. Williams* (1972), 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 617: "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." Appellant made the statement at issue in response to preliminary questions asked of him by the police, which questions were reasonable under the circumstances. The questions were limited to ascertaining Appellant's identity and his reasons for being in Richmond. The exchange between the officers and Appellant was within the purview of *Terry* and *Adams.* The statement that he was in town to sell hubcaps was not incriminating inasmuch as it apparently was what he was doing. He gave no further incriminating statements even after he was charged with the possession of marijuana. He was later given his *Miranda* warnings. He therefore presents no reversible error on this issue.

Finding no error, we affirm the trial court.

GIVAN, C.J., and SHEPARD, and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.