JOSEPH PRIOLA, JR. *v.* STATE OF INDIANA.

[No. 971S261. Filed February 26, 1973. Rehearing denied April 18, 1973.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction of aggravated assault and battery (IC 1971, 35-13-3-1, being Burns § 10-410) after a trial by jury in the Marion Criminal Court, Judge John T. Davis presiding. Appellant was sentenced to one to five years at the Indiana Reformatory and fined $1000.00. He bases his appeal on the contention that the evidence at trial was insufficient to sustain the conviction.

Testimony at trial showed that on the night of August 29, 1969, a party was held at an apartment rented by Sharon Thompson and three other young women. There were about thirty or thirty-five people at the party when appellant and three of his friends arrived. Shortly after their arrival a girl guest at the party informed Miss Thompson that her purse was missing. Sharon Thompson suspected the appellant and went out in front of the apartment where he was standing with a group of friends. She asked appellant whether or not he knew anything about the girl's purse. Appellant at first denied taking the purse and began to yell at Miss Thompson. He later told the girl where the purse was located but continued to demand to know why he was being accused of stealing the purse. Appellant subsequently threatened Miss Thompson and she asked him to leave. When he refused Don Reedman, a friend of Thompson's, intervened.

Appellant and Reedman began to exchange words when appellant pushed or punched Reedman. The two began to fight and appellant's friends became involved in scuffling throughout the front apartment area with other guests at the party. After several minutes of scattered fighting Reedman, Sharon Thompson and David Bryant, another guest, ran inside the apartment and closed the front door. Shortly

thereafter appellant and several of his friends came through the door and again attacked Reedman and Bryant in the front hallway. They struggled for some minutes after which Reedman and Bryant ran through the apartment, out the back door and on to the patio. Moments afterward Bryant testified that appellant came out on the back patio, swung his arm back and hit him on the left side of his face with some type of hard, dark object which he held in his hand. The object itself was never identified although there was quite a bit of broken glass, apparently from beer bottles, on the patio.

After being hit by appellant Bryant testified that he felt a sharp pain in his eye and fell to the ground. He was helped inside the apartment where bandages were placed on his eye. James Brewsey, another guest, testified that Bryant's eye was "partially hanging out" when he was brought in to the kitchen. Appellant refused to allow anyone to call an ambulance and ripped the telephone unit from the kitchen wall before leaving with his friends. An ambulance was summoned from an extension upstairs and Bryant was taken to the hospital.

Doctor David Kenney testified that he treated David Bryant after the incident. He discovered severe lacerations around the eyelid and nose area. The eye itself was disfigured and useless and had to be removed. The doctor's opinion was that such an injury could only have been produced by a sharp instrument.

Initially, we must again reiterate that when we are called upon to decide an appeal concerning the sufficiency of the evidence of a conviction we will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the findings of the trial court. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a jury could reasonably infer that

the appellant was guilty beyond a reasonable doubt. *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339.

The material elements of the offense of aggravated assault and battery as defined by our statute are an intentional and unlawful infliction of a great bodily harm or disfigurement upon another. Burns § 10-410, *supra*. The testimony set out above clearly is sufficient to show that the appellant intentionally struck David Bryant in the eye with some unidentified hard, sharp instrument which caused such injury that the eye was left partially out of its socket and subsequently had to be removed. A jury presented with such facts could properly find that this conduct was an intentional infliction of a disfigurement or great bodily harm and thus violated the statute.

Appellant asserts, however, that the object used was never identified. The statute involved here clearly does not require this as a necessary element of the offense, and it therefore need not have been established.

Judgment affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 292 N. E. 2d 604.