JEROME S. SACKS *v.* STATE OF INDIANA.

[No. 2-1172A98. Filed August 27, 1973.]

Palmer K. Ward, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Jerome S. Sacks was indicted and found guilty by a jury of receiving stolen goods.[1] Prior to his arraignment, Sacks filed a motion to quash the indictment. He contended in his motion to quash that the indictment did not state a public offense. This motion was overruled. The trial court's overruling of this motion to quash is urged as error in this appeal and will be the only issue discussed. Our opinion reverses the trial court's judgment with instructions to vacate its judgment and to grant Sacks' motion to quash.

## II.

### STATEMENT OF THE FACTS

Omitting the formal parts of the indictment, it is as follows:

"Jerome S. Sacks on or about the 26th day of May, A.D., 1970 at and in the County of Marion and in the State of Indiana committed the crime of theft of the property of SHARPER AND GARDENER ELECTRIC COMPANY, INC., a corporation in that he knowingly, unlawfully and feloniously obtained and exerted control over stolen property of SHARPER AND GARDENER ELECTRIC COMPANY, INC., a corporation, to-wit: One (1) Magnovox Color Television Set, of the value of Four Hundred Fifty-eight and 49/100 ($458.49) Dollars, knowing that said property had been obtained by theft by another, to-wit: one JAMES J. SMITH, the said JAMES J. SMITH then and there intending to deprive said SHARPER AND GARDENER ELECTRIC COMPANY, INC., a corporation, permanently of the use and benefit of said property, then and there being. . . ."

---

1. IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns 1972 Supp.).

## III.

## STATEMENT OF THE ISSUE

The only issue that will be discussed for the purpose of this appeal in the "Statement on the Law" below is:

Did the trial court err in overruling Sacks' motion to quash the indictment?

We conclude in the "Statement on the Law" below that the trial court did commit error.

## IV.

## STATEMENT ON THE LAW

It is elementary that each count of an indictment must be complete within itself and must state a public offense. *Pagotis* v. *State* (1938), 214 Ind. 697, 699, 17 N.E.2d 830. Facts constituting the crime must be directly and positively alleged in the indictment. *State* v. *Price* (1934), 206 Ind. 498, 501, 190 N.E. 174; see also *Terre Haute Brewing Co.* v. *State* (1907), 169 Ind. 242, 82 N.E. 81; *Hewitt* v. *State* (1908), 171 Ind. 283, 287, 86 N.E. 63; *Fitzgibbons* v. *State* (1923), 193 Ind. 526, 532-533, 141 N.E. 241; *State* v. *Reichert* (1948), 226 Ind. 358, 80 N.E.2d 289.

To charge theft by receiving stolen goods, it is necessary for the indictment to charge the elements constituting the crime as explained in *Cochran* v. *State* (1970), 255 Ind. 374, 265 N.E.2d 19, 20:

> "Under this indictment the State was required to prove that appellant: (1) knowingly obtained control, (2) over certain stolen property, (3) knowing the property to have been stolen by another, (4) with the intent to deprive the owner permanently of the use and benefit of this property."

Two essential interlocking elements are required:

1. Intentionally gaining control over the property of another, and

2. The intent to permanently deprive the owner of the property of its benefit and use.

The indictment under consideration here charges Sacks

". . . knowingly, unlawfully and feloniously obtained and exerted control over stolen property, . . . to-wit: One (1) Magnovox Color Television Set, . . . knowing that said property had been obtained by theft by another, to-wit: one JAMES J. SMITH, *the said JAMES J. SMITH, then and there intending to deprive said SHARPER AND GARDENER ELECTRIC COMPANY, INC., a corporation, permanently of the use and benefit of said property, . . . .*" (Our Emphasis)

The element that Sacks intended to deprive the owner permanently of the use and benefit of his property is one of the essential elements of the crime of receiving stolen goods. This element must be alleged in the indictment to state a public offense. *Cochran* v. *State, supra.* The indictment before us does not state that Jerome S. Sacks intended to deprive the rightful owner permanently of the use and benefit of the property; or that Sacks used, concealed or abandoned the property, or any of the other statutory elements required pursuant to IC 1971, 35-17-5-3, *supra.*

We can only conclude that this indictment comes squarely within *Miller* v. *State* (1968), 250 Ind. 338, 346, 236 N.E.2d 173, 176. Writing the majority opinion for the Supreme Court of Indiana, Judge Hunter stated:

"Although it is not raised by the appellant, we are compelled to note that the affidavit filed in this case, *supra,* which purports to charge appellant with the crime of theft, § 10-3030, *supra,* does not include an essential element of that crime. To commit theft, § 10-3030, *supra,* requires either intent to deprive the owner permanently of the use and benefit of the property, or using, concealing or abandoning the property in such manner as knowingly to deprive the owner, or in such manner as will probably deprive the owner, permanently of such use and benefit. This element of intent is not charged in the affidavit in this case and therefore, no crime is charged."

## V.

## DECISION OF THE COURT

The trial court's overruling of Sacks' motion to quash was error. The indictment did not charge Sacks with a public offense or the crime of receiving stolen goods. It lacked an essential element of the crime and was not a complete count of receiving stolen goods. The fact that Sacks intended to deprive the rightful owner permanently of the use and benefit of the television set was not alleged. Therefore, the judgment of the trial court should be and the same hereby is reversed with instructions to vacate its judgment and to sustain Sacks' motion to quash.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 300 N.E.2d 356.