## IMA JEAN LIFORD *v*. STATE OF INDIANA.

[No. 2-974A223. Filed June 4, 1975. Rehearing denied July 10, 1975. Transfer denied April 26, 1976.]

*Robert E. Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Ima Jean Liford appeals her conviction of obtaining and exerting unauthorized control over the property of another in violation of IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974), presenting the following issues for review:

(1) Whether the trial court erred in admitting testimony concerning a conversation between defendant and a police officer.

(2) Whether the conviction was supported by sufficient evidence.

The evidence most favorable to the State reveals that on October 28, 1973, an organization known as Community Organization Program-East, Inc. (COP-E) maintained an office at 1258 Windsor in Indianapolis. On or about that date, COP-E's office was burglarized, and various items of office equipment were taken.

The following day, Sergeant Boyd of the Indianapolis Police Department was investigating a tip that a fugitive was being harbored at defendant's residence at 36 North Gladstone

in Indianapolis. At that address, Boyd was met at the door by defendant and admitted voluntarily. In defendant's living room, Boyd found and apprehended James Chelf, the fugitive in question. Boyd's attention was drawn to various items of office equipment lying on the living room floor. Since the equipment was similar to that which had been taken in the COP-E burglary, the items were sent to the police property room. Subsequently, the items were identified, through serial numbers, as being the articles which had been taken in the burglary. Defendant was then charged with exerting unauthorized control over the property of another in violation of IC 1971, 35-17-5-3, *supra.*

At trial, Chelf testified that he and some friends had committed the burglary and that defendant, prior thereto, had agreed to "fence" the articles taken. Defendant was found guilty as charged, without intervention of jury, and sentenced to imprisonment for a period of not less than one nor more than ten years.

## I.

Initially, defendant contends that the trial court erred in admitting into evidence testimony by Boyd as to the substance of a conversation between defendant and Sergeant Bowman, also of the Indianapolis Police Department. Boyd had overheard this conversation and testified that it concerned the explanation and waiver of defendant's *Miranda* rights. Defendant maintains that allowing this testimony was error for the reason that the statements made by defendant were self-incriminating and she had not made a knowing waiver of her constitutional rights.

We note however, that at trial, defendant's objection to this testimony was framed in terms of a best witness argument, claiming that Boyd was not the best witness to testify to the substance of the conversation. No objection on constitutional grounds was made. Further, neither defendant's motion to correct errors nor the accompanying memorandum presents this constitutional argu-

ment. Rather, it is first presented in her brief on appeal. Such action violates the fundamental rule that issues not presented in a motion to correct errors may not be considered on appeal. Ind. Rules of Procedure, Trial Rule 59(G) ; *Mayes* v. *State* (1974), 162 Ind. App. 186, 318 N.E.2d 811. Further, defendant's argument under this issue must be deemed to have been waived due to failure to object at trial on the grounds now asserted. *Jethroe* v. *State* (1974), 262 Ind. 505, 319 N.E. 2d 133.

Despite defendant's failure to properly raise and preserve the error now asserted, we find her argument, on its merits, to be less than persuasive. The testimony of officers Bowman and Boyd was sufficient to warrant a finding that defendant was fully advised of her *Miranda* rights and that she knowingly and intelligently waived these rights. Accordingly, we find no error demonstrated under this issue.

## II.

Next, defendant challenges the sufficiency of the evidence supporting her conviction. She maintains that the evidence was insufficient in that:

(1) The State failed to sufficiently establish the corporate existence of COP-E, and
(2) The evidence did not establish that defendant had knowledge that the goods were stolen.

In reviewing defendant's conviction to determine whether the evidence was sufficient regarding the above two elements, this court neither weighs the evidence nor resolves questions of witness credibility. Rather, we view only the evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom. If from that viewpoint, there is substantial evidence of probative value to establish these two elements, the judgment will not be disturbed. *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656.

Regarding defendant's first contention under this issue, we note that it was not necessary to prove the existence of

COP-E as a *de jure* corporation; rather, all that was necessary to be shown was a *de facto* existence of the company. *Smith* v. *State* (1867), 28 Ind. 321. To that end, the following evidence was presented by an employee of COP-E:

"Q. And where are you employed?
A. I am employed at COP-E, Inc.
Q. And would you please speak up a little bit so that the Judge can hear you. Will you please tell us what COP-E stands for?
A. COP-E stands for Community Organization Program, East side.
Q. And will you describe further for the Court what is that; is that a corporation?
A. COP-E is a non-profit corporation which is an educational experimental program. We have a board of directors and we deal with dropouts, pupils who have dropped out of school and we volunteer to teach them education.
Q. And what is the address of this COP-E?
A. 1258 Windsor.
Q. Is that in Indianapolis?
A. Yes.
Q. That's in Marion County?
A. Yes.
Q. Indiana, is that right?
A. Yes."

In our opinion, this is substantial evidence of probative value to establish the *de facto* existence of the corporation COP-E. *Von Hauger* v. *State* (1969), 252 Ind. 619, 251 N.E. 2d 116.

Regarding defendant's second argument under this issue, we find substantial evidence of probative value was presented to establish that defendant had knowledge that the office equipment was stolen. Chelf's testimony concerning defendant's promise to "fence" any property taken, together with testimony concerning defendant's admitted suspicion that the goods were stolen was sufficient to support the inference of defendant's knowledge.

There being no reversible error demonstrated, defendant's conviction must be and is hereby sustained.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 328 N.E.2d 443.