## WILLIAM S. YOUNG AND PAULINE A. RUHL *v.* STATE OF INDIANA.

[No. 875S189.  Filed August 12, 1975.]

*Thomas L. Ryan, Harold W. Myers,* of Fort Wayne, for appellants.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

DEBRULER, J.—Pauline A. Ruhl and William S. Young were convicted of theft following a court trial before the Honorable C. T. Kitowski, Special Judge.  Both appealed and the Third District Court of Appeals affirmed their convictions in 1974, at 319 N.E.2d 347.  Each has filed a petition to transfer.  The petition of Ruhl is denied.  The petition of Young is granted.

Appellant Young contends that the conviction on the charge of theft is not supported by sufficient evidence.  He was charged by sworn information which states that he did:

"knowingly . . . obtain and exert unauthorized control over the personal property of Carson Pierre [sic] Scott & Co., to-wit: various articles of men's and women's clothing having a value of approximately $530.00 knowing same to have been stolen by another with the intent to permanently deprive the owner of the use and benefit thereof. . . ."

When called upon to address ourselves to an issue of the sufficiency of evidence, it is not our proper function as an appellate court to weigh the evidence at the trial below or to decide questions concerning the credibility of witnesses. *Priola* v. *State,* (1973) 260 Ind. 117, 292 N.E.2d 604. Rather we look to that evidence most supportive of the verdict and determine whether that evidence, along with the reasonable inferences which the trier of fact might draw from it, is sufficient in probative value to establish all the necessary elements of the offense charged. *Turner* v. *State,* (1972) 259 Ind. 344, 287 N.E.2d 339.

The appellant Young and two co-defendants, Pauline Ruhl and Mae Soil, had been guests at the Holiday Inn Motel on the night of November 29, 1972. On November 30th, the motel manager called the Michigan City Police to report that the three had left their rooms without paying the bill and that they were travelling in a blue 1971 Cadillac which she described.

At 4:45 p.m. on November 30th, a police officer spotted the car parked in a shopping center lot near a doorway used by the customers of the Carson Pirie Scott retail store. From a nearby surveillance point, the officer observed co-defendants Ruhl and Soil exit this doorway and walk to the car. Ruhl unlocked the car and got in the front seat, while Soil got in the back seat. The officer stopped the car as it was moving out of the parking space. Ruhl and Soil were taken into custody, and the car was left locked in the shopping center lot under surveillance. The arrest of Ruhl and Soil was completed by 5:30 p.m.

The evidence shows further that Ruhl made a telephone call upon her arrival at the police station and that Young

made a call and learned of the arrest. Young then took a taxi to the Holiday Inn and paid the motel bill. He then proceeded by taxi to the shopping center parking lot, where he arrived at 6:50 p.m. He unlocked the car and drove it out of the lot. The police, not yet aware that the bill had been paid, stopped the car and took Young and the car into custody. The car was parked at the police station. By 7:30 p.m. it was dark. At that time, using a flashlight, an officer saw a large cardboard box in the back seat of the Cadillac. As it turned out, this box contained items which had been shoplifted from various stores in the shopping center where the car had been parked. One of the items in the box was a woman's coat having a value of $160.00, which an employee of Einhorn's retail store testified had been taken after 10:00 a.m. on November 30th.

The statute upon which this theft charge was based is Ind. Code § 35-17-5-3, being Burns § 10-3030, §§ (1)(f) and (2)(a), which provide:

> "A person commits theft when he (1) knowingly:
>
> \* \* \*
>
> "(f) obtains control over stolen property knowing the property to have been stolen by another, which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred . . . and
>
> \* \* \*
>
> "(2) . . . (a) intends to deprive the owner of the use or benefit of the property. . . ."

Appellant Young more specifically contends that the State failed to produce evidence sufficient to permit an inference that he had knowledge that the stolen items were present in the car. We agree with the interpretation of this statute implicit in appellant's contention. By the terms of this statute, the State must make sufficient proof that an accused had knowledge of two separate and distinct matters. The State must show both: (1) that the accused knew that he had obtained control of the property, and (2) that the accused knew the property was stolen. *Cochran* v.

*State,* (1970) 255 Ind. 374, 265 N.E.2d 19; *Sacks* v. *State,* (1973) 157 Ind. App. 407, 300 N.E.2d 356.

Turning to the sufficiency of the State's case to support an inference that Young knew the stolen items were in the vehicle he was driving, we observe that there is no evidence at all that he was in the shopping center prior to his arrival there by taxi at 6:50 p.m. There is no evidence that he put anything in the car on that occasion before driving it away. All of the items had been placed inside a container, and, as we noted, by 7:30 p.m. it was dark. The officer who discovered the stolen items in the car testified that upon casting his flashlight in the rear seat, he saw items of clothing extending above the edge of the box. However, it was the existence of intact price tags which he could also see, which caught his trained eye and alerted him to suspect that the items were stolen.

While the evidence would permit the inference that Young knew there was a large cardboard box in the back seat of the car, which the owner of the motel testified was there when she took the license number in the motel parking lot earlier in the day, no inference is possible that Young was aware that the box contained items of the type of those stolen.

The fact that Young drove the car away from the lot does not aid the State in its burden under the circumstances shown. He took possession of the car only after Ruhl and Soil had had it at the shopping center. The items had been stolen from stores in that shopping center, one item at least being taken between 10:00 a.m. and the time of the arrest of Ruhl and Soil at 4:45 p.m. Young took control of the car only after the telephone calls, and after he had returned to the motel and paid the bill. The use of the car by Ruhl and Soil at the shopping center and the circumstances under which Young got the car, coupled with the short period of time he drove the car after he got it, negate any possible inference that Young knew of the contents of the box by reason of his driving the car in which the box was located. The evidence

is insufficient to support any inference that Young knew he had obtained control of the stolen items when he took the car and drove it away.

The conviction of appellant Young is reversed.

Arterburn and Prentice, JJ., concur; Givan, C.J., dissents with opinion in which Hunter, J., concurs.

### DISSENTING OPINION

GIVAN, C.J.—I respectfully dissent from the majority opinion in this case.

In addition to the evidence stated by the majority concerning Appellant Young's participation in the alleged crime, the record shows that Young, Appellant Pauline Ruhl and one Mae Soil had spent the previous night in the Holiday Inn in Michigan City, Indiana, in rooms registered to a Jancy J. Davis. The parties subsequently left the motel without paying for the use of the rooms, and it was this activity that first called the defendants to the attention of the police authorities. It was in making the arrest upon this complaint that the theft of the goods now in question was discovered.

Further, Young's activity at the police station was such that the jury could reasonably infer that he was attempting to hide the property then located in the automobile. Upon arrival at the police station, Young locked the automobile, and upon request of the officers, refused to open the car to allow examination of the contents, which were visible on the back seat of the car. The officers were forced to obtain a search warrant in order to examine the merchandise. This attempt on Young's part to thwart the officers in their examination of the stolen property was evidence from which the jury could further conclude that Young had guilty knowledge of the contents of the box on the back seat of the car.

There is thus ample evidence in the record upon which the jury could logically conclude that the Appellant Young, the Appellant Pauline A. Ruhl, and Mae Soil, were all acting in concert in the planned activity of shoplifting.

The opinion of the Court of Appeals in affirming the conviction of Young is correct. The petition to transfer should be denied.

Hunter, J., concurs.

NOTE.—Reported at 332 N.E.2d 103.