JOHN C. CALEY *v.* STATE OF INDIANA.

[No. 3-375A41. Filed November 24, 1975.]

---

*Dale J. Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

STATON, P.J.—The trial court found John C. Caley guilty of theft by obtaining control over stolen property. IC 1971, 35-17-5-3 (1) (f) and (2) (a), Ind. Ann. Stat. § 10-3030 (1) (f) and (2) (a) (Burns Supp. 1975). He was sentenced to the Indiana Department of Correction for a period of one to ten years. Caley's belated motion to correct errors raises two issues:

1. Was the evidence sufficient to prove beyond a reasonable doubt that Caley knew the property was stolen?
2. Was the variance between the affidavit and the proof at trial as to the date of the theft fatal?

We affirm.

The evidence most favorable to the State is that Robert Huffman and Robert Shirely, employees at Caley's pool hall, had stolen eight hundred and thirty-eight pounds of meat from a Ponderosa Steak House in Fort Wayne, Indiana on April 29, 1973. Later the same day, they

contacted Caley to arrange for the sale of the meat. Both Huffman and Shirely testified that they told Caley that the meat had come from the Ponderosa. The meat was packed in fifty-pound cartons stamped "Ponderosa." Huffman and his wife testified that Caley transferred the meat from Huffman's station wagon to his own car. Huffman accompanied Caley when Caley sold most of the meat for forty dollars a carton. Caley retained twenty dollars and gave Huffman the other twenty dollars to split with Shirely.

We conclude that the evidence was sufficient to prove beyond a reasonable doubt Caley's knowledge that the meat was stolen. *See Young* v. *State* (1975), 264 Ind. 14, 332 N.E.2d 103, 105; *Liford* v. *State* (1975), 164 Ind. App. 349, 328 N.E.2d 443.

April 30, 1973 was the date used in the charging affidavit. April 29, 1973, the day before, was the date proved by the State at trial. Caley contends that this is a fatal variance. We disagree. In *Hammond* v. *State* (1960), 240 Ind. 313, 315, 164 N.E.2d 640, 641, our Indiana Supreme Court stated:

"[T]he State does not have to prove the particular date alleged in the indictment or affidavit so long as it is within the period of statutes of limitation, since time is not of the essence of the particular offense involved." *See Beard* v. *State* (1975), 164 Ind. App. 210, 327 N.E.2d 629.

Time is not of the essence in Caley's offense.

We affirm.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 337 N.E.2d 571.