ROBERT STOCKLIN *v*. STATE OF INDIANA.

[No. 3-1075A234. Filed April 27, 1976. Rehearing denied
May 26, 1976. Transfer denied August 18, 1976.]

*Milton Hafner,* of Ligonier, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shu-macker,* Deputy Attorney General, for appellee.

STATON, P.J.—Robert Stocklin was found guilty of possession of stolen property of less than $100.00 in value under IC 1971, 35-17-5-3 (1) (f) and (2) (a) (Burns Code Ed.). He was sentenced to the custody of the Indiana State Department of Corrections for a period of from one (1) to five (5) years

under IC 1971, 35-17-5-12 (1)  (Burns Code Ed.). On appeal, Stocklin challenges the sufficiency of the evidence to support his conviction. Specifically, Stocklin contends there is insufficient evidence that he obtained control over stolen property *knowing* the property to have been stolen by another. We agree and reverse.

IC 1971, 35-17-5-3 (1) (f) and (2) (a)  (Burns Code [1, 2] Ed.)  provides:

> "A person commits theft when he (1) knowingly:
> \* \* \*
> "(f) obtains control over stolen property knowing the property to have been stolen by another, which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred; . . . and
> \* \* \*
> "(2) . . . (a) intends to deprive the owner of the use or benefit of the property. . . ."

We are well aware that when reviewing the sufficiency of the evidence to support Stocklin's conviction, this Court may not weigh the evidence presented at the trial below or decide questions concerning the credibility of witnesses. We view only the evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom to see if there is sufficient evidence of probative value to establish all the necessary elements of the offense. *Young* v. *State* (1975), 264 Ind. 14, 332 N.E.2d 103; *Liford* v. *State* (1975), 164 Ind. App. 349, 328 N.E.2d 443.  Under IC 1971, 35-17-5-3 (1) (f) and (2) (a), the State must show (1) that appellant knowingly obtained control; (2) over stolen property; (3) knowing the property to have been stolen by another; (4) with intent to deprive the owner permanently of the use and benefit of this property. *Cochran* v. *State* (1970), 255 Ind. 374, 265 N.E.2d 19; *Sacks* v. *State* (1973), 157 Ind.App. 407, 300 N.E. 2d 356.  Although IC 1971, 35-17-5-3 (1) (f) states that "knowledge may be inferred from the possession of such stolen property . . . ," possession of stolen goods, *by itself,* does not provide sufficient evidence that the accused had

knowledge that the goods in question were stolen. *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173; *Wilson* v. *State* (1973), 159 Ind.App. 130, 304 N.E.2d 824; *see Hargraves* v. *State* (1972), 153 Ind.App. 543, 238 N.E.2d 194.

Viewing the evidence in light of the above standards of review, the evidence most favorable to the State establishes the following. On June 20, 1974, Morris Garber discovered that four radiators, which he kept in stock as part of his business, were missing. He reported the theft of the radiators to the Indiana State Police. On June 26, 1974, Officer Lester Alligood took him to Kendallville Iron and Metal where he picked out his four radiators from a pile of approximately 35 to 50 radiators. Kendallville Iron and Metal had a receipt for these four radiators which was signed by one "Bob Stocklin" on June 21, 1974. Officer Alligood obtained a warrant for the arrest of Robert Stocklin, and as Alligood was driving Stocklin to the Noble County Jail pursuant to execution of the arrest warrant, Stocklin admitted that he sold these four radiators to Kendallville Iron and Metal. Stocklin told Officer Alligood that he purchased the radiators from an individual who had brought the radiators to his home and that he could not remember the man's name. Robert Stocklin did not testify at trial.

It is clear under the above evidence that there was sufficient evidence presented at trial to support a conclusion that Stocklin did obtain control over stolen property. However, the only evidence of Stocklin's knowledge of the radiators being stolen property is Stocklin's admission to Alligood that he bought the radiators at his home from a person whose name he did not remember. There is no admission by Stocklin that he suspected the radiators had been stolen as in the case of *Liford* v. *State* (1975), 164 Ind.App. 349, 328 N.E.2d 443. See also *Dobson* v. *State* (1959), 239 Ind. 673, 158 N.E.2d 455. There is no evidence that Stocklin had an arrangement to deal in stolen goods as in *Fletcher* v. *State* (1961), 241 Ind. 409, 172 N.E.2d 853. There is in-

sufficient evidence that Stocklin bought the goods under suspicious circumstances. See *Caley* v. *State* (1975), 166 Ind. App. 679, 337 N.E.2d 571; *Cochran* v. *State* (1970), 255 Ind. 374, 265 N.E.2d 19.

Stocklin's admission that he bought the radiators at his home from a person whose name he could not remember is insufficient to support an inference that Stocklin obtained control over stolen property *knowing* the property to be stolen by another. It is not sufficient that the evidence establish a mere suspicion or possibility of guilt. *Miller* v. *State, supra; Wilson* v. *State, supra.*

The judgment of the trial court should be and the same hereby is reversed.

Hoffman, J. and Garrard, J., concur.

NOTE—Reported at 345 N.E.2d 863.