**Leroy ATKINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–182A11.**

Court of Appeals of Indiana, First District.

June 30, 1982.

Michael J. McDaniel, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Leroy Atkins (Atkins) appeals his convictions by a jury of five counts of theft and one count of promoting professional gambling.

We affirm in part, reverse in part, and remand.

The facts reveal that Atkins was arrested by a joint effort of state and local police. Acting upon a tip by an informant and pursuant to a search warrant, the police removed 1040 various items from Atkins's home, gasoline station, and trailer. These items were put on public display in Jeffersonville, and later New Albany, to enable the public to identify them. The State filed an information charging Atkins with fifteen counts of theft and one count of pro-

moting professional gambling. Seven of the theft counts were dismissed either prior to or during the trial.

Upon appeal, Atkins alleges that the evidence is insufficient to establish that the items which were the subject of these counts belonged to the individual who claimed ownership. Atkins also contends that the evidence was insufficient to establish that he knowingly exerted unauthorized control over these items. Atkins alleged additional errors which will be discussed later in the opinion.

Atkins was convicted of theft of a police radar gun which was owned by Ansel Hall, two watches which belonged to Donald Wishmeyer, a Sharp .22 caliber four barrel pistol owned by Norman Ellenbrand[1], a watch which belonged to Carl Helman, and various items owned by Mary K. Anderson including a book of coins, a watch, a powder horn, assorted other coins, and a bullet mold. The property of these individuals constitutes the basis of five theft counts. Atkins contends the evidence was insufficient to establish that these individuals were the owners of the property.

In reviewing the sufficiency of the evidence, this court examines the evidence most favorable to the verdict along with all reasonable inferences which can be drawn from the evidence. The verdict will be affirmed if there is substantial evidence of probative value to support each element of the offense. *McCormick v. State*, (1978) Ind.App., 382 N.E.2d 172. Upon review, we will not reweigh the evidence or judge the credibility of witnesses. *Scott v. State*, (1980) Ind.App., 404 N.E.2d 1190.

The record establishes that Ansel Hall identified the radar gun by the scratches on its surface and by an electrical adaptor. The scratches resulted from Hall dropping the radar gun on pavement. He put the adaptor on the unit to enable him to use his automobile cigarette lighter as a power source.

Donald Wishmeyer identified two watches as being his property. One of these watches was a man's wrist watch with a corroded back plate. Wishmeyer testified that he was a diabetic and perspired heavily, which caused the back plate to corrode. Wishmeyer identified this watch by the corrosion. Wishmeyer also identified a woman's wrist watch. He testified that he had purchased this watch as a wedding present for his wife. He identified it by the unique pattern of four artificial diamonds on the watch face. Wishmeyer further testified that this watch was the only one he had ever seen with such a design.

Carl Helman identified a wrist watch as one which had been stolen from his home in a burglary. The watch was manufactured by Patek Phillipe and had been given to him by a friend who had visited Switzerland. Jack Franklin also testified regarding the identification of this watch. Franklin is the confidential informant whose assistance led to Atkins's arrest. Franklin testified that he was involved in burglarizing Helman's residence, that he stole this particular watch, and that he pawned it to Atkins.

Norman Ellenbrand identified a Sharp .22 caliber four-barrel pistol as one which was stolen from his home in 1967. Ellenbrand had restored the original handle of the gun, including welding and replacing the grips on the handle. The gun was identified by the unique handle.

Mary Anderson identified a powder horn, a book of coins, and a wrist watch as items taken from her home when it was burglarized.[2] She identified the powder horn by the design of a dog's head in its outer surface of the horn and by the dents in the horn. The book of coins was identified by the handwriting which described the coins.

1. This item will be discussed separately.

2. Anderson also testified that certain other items, including various coins and the bullet mold, belonged to her family, even though there were no distinguishing characteristics for these items. Any error which may have resulted from identification of these items is certainly harmless because of the specific identification of the remaining items which comprised this count.

Anderson also identified a wrist watch as being hers on the basis that the back of the watch was taped together.

Although circumstantial evidence is generally sufficient to establish identity or ownership of stolen property, *Thomas v. State*, (1981) Ind.App., 423 N.E.2d 682, the record reveals that these items had been stolen from the witnesses and that Atkins exerted unauthorized control over them. The witnesses identified the items with specificity by distinguishing characteristics associated with the items. We cannot conclude that the jury was not presented sufficient evidence to determine that the property belonged to the witnesses.

Atkins was convicted of five counts of theft pursuant to Ind.Code 35–43–4–2, which provides:

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value, commits theft, a class D felony.

Atkins presents as his second issue that the evidence is insufficient to establish that he knowingly or intentionally possessed any property which was stolen.

■■■ The State presented evidence Atkins was involved in "fencing" stolen property as a business activity through the testimony of Jack Franklin. Franklin testified that Atkins regularly bought or pawned stolen property from shoplifters and thieves. Franklin also testified that he stole the Carl Helman's watch, as well as many other items of jewelry, and sold it to Atkins after telling him that the property was "hot". Atkins correctly asserts that the mere possession of stolen goods, by itself, does not present sufficient evidence that the accused has knowledge that the goods in question were stolen, *Stocklin v. State*, (1976) 169 Ind.App. 49, 345 N.E.2d 863. However, the evidence also showed that Atkins's knowingly transacted with criminals to acquire the property. The evidence is sufficient to support Atkins's convictions.

Atkins raises an additional issue in regard to the Sharp .22 caliber four-barrel pistol. He alleges that the trial court improperly denied his motion to dismiss this count. Atkins asserted that the statute of limitations had expired on this count.

■■■ The evidence showed that Ellenbrand's home had been burglarized in 1967. Atkins was arrested in 1978. Theft is a class D felony and the statute of limitations is five years. Ind.Code 35–41–4–2. The State argues that the trial court did not err because Atkins was exerting unauthorized control over the pistol in 1978. It is the State's burden to establish that the crime charged was committed within the statute of limitations. *Fisher v. State*, (1973) 259 Ind. 633, 291 N.E.2d 76. The State failed to demonstrate that Atkins committed the offense within the statute of limitations. The trial court's failure to dismiss this count was erroneous.

Atkins argues that the trial court erred in denying his motion for a mistrial because of alleged prosecutorial misconduct. Atkins was originally charged with sixteen counts of theft, four of which were dismissed prior to trial. During the trial, the State moved to dismiss three additional counts. The trial court dismissed these counts and also granted Atkins's motion to dismiss on another count, leaving eight theft counts before the jury. During closing argument, counsel for Atkins and the State commented about the sufficiency of the evidence and the dismissed counts. Atkins's counsel objected to the State's rebuttal argument concerning the dismissed counts, alleging that the State had suggested that the mere submission of these counts to the jury constituted sufficient evidence for a conviction. Atkins moved for a mistrial and the trial court denied it.

■■■ It is within the discretion of the trial court to admonish the jury or grant a mistrial. Upon appeal, this court will not reverse unless an abuse of that discretion is shown. *Griffin v. State*, (1980) Ind., 402 N.E.2d 981. The record fails to support the allegation that the trial court abused its discretion because we are not convinced that the State's comments constituted im-

proper argument. Furthermore, the State's alleged improper commentary was in response to Atkins's objection. Although counsel should not inject their personal opinion as to the guilt or innocence of the accused, they may argue on their analysis of the evidence. *Rufer v. State*, (1976) 264 Ind. 258, 342 N.E.2d 856. Atkins invited the comments by commenting on the insufficiency of the evidence about the dismissed counts. Final instructions are presumed to correct any misstatement of the law made during final argument. *Jackson v. State*, (1980) Ind., 402 N.E.2d 947. There is nothing in the record to rebutt this presumption.

■ The next issue is whether there is sufficient evidence to support Atkins's conviction of promoting professional gambling, Ind.Code 35-45-5-4. The State introduced one slot machine and two Lucky 7 machines, which were confiscated from Atkins, at trial. One of the State's witnesses demonstrated the machine and testified as to its operation. In addition to the sufficiency question, Atkins contends that his conviction was improper because the slot machine did not have its cover on when it was confiscated, but that its cover was attached when it was introduced, and that there was not proof that the purposes of these machines was unlawful gambling.

Atkins has waived any error concerning the alteration of the evidence by failing to cite any authority in support of his argument. *See*, Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). *Ind. Dept. of Rev. v. American Underwriters*, (1981) Ind.App., 429 N.E.2d 306. The evidence of record showed that although the cover was not attached when the police found it, the officer testified that the device was assembled easily and it became functional.

Our standard of review for the sufficiency of the evidence has been discussed previously. Atkins argues that the evidence is insufficient to show that he knowingly possessed gambling equipment and that the evidence is insufficient to show that the purpose of the equipment was illegal gambling. Testimony was given regarding the use of the slot machines and the Lucky 7

machines. There was also testimony from Jack Franklin that he had played one of the Lucky 7 machines. There is evidence to support the jury verdict on this count.

■ The next issue Atkins raises is whether the trial court erred in delivering the instructions. After the jury had retired to deliberate, a note was submitted to the judge requesting information about which property belonged to the various counts. The trial court read to the jury, in the presence of both parties, the nine remaining counts. Atkins argues that the trial court gave a supplemental instruction. The proper action, according to Atkins would have been to reread all the instructions.

The problem of supplemental instructions has been recently addressed by our supreme court in *Wallace v. State*, (1981) Ind., 426 N.E.2d 34, where they stated:

> When the jury indicates that it has a problem in its deliberations concerning an issue of *law* the trial court should reread the instructions without further comment. (Our emphasis).

426 N.E.2d 36.

The court held that special instructions were improper because of the danger of emphasizing that a particular issue has primary importance, that it may direct the jury to dispose of the issue, and held that the trial court should reread all of the instructions.

We do not believe that the trial court's action can properly be characterized as a supplemental instruction. The jury did not express any uncertainty over a legal issue, but inquired into a factual matter concerning which property belonged to each count, which the trial court answered. The jury then returned to deliberate and found Atkins guilty of five counts of theft and one count of professional gambling. Atkins was acquitted of three counts of theft. We fail to see how the trial court's action prejudiced Atkins or infringed upon his rights. The trial court merely explained the factual basis of each count.

The final issue Atkins raises is whether the trial court abused its discretion and

imposed an excessive sentence. Atkins was convicted of five counts of theft and one count of promoting professional gambling. He received five concurrent two year sentences and a $10,000.00 fine on each theft count. He received a one year sentence to be served consecutively and a $1,000.00 fine on the gambling conviction. Both offenses are class D felonies.

 The sentences which can be given in a class D felony are governed by Ind. Code 35–50–2–7 which provides:

(A) A person who commits a class D felony shall be imprisoned for a term of two (2) years, with not more than two (2) years added for aggravating circumstances; in addition, he may be fined not more than ten thousand dollars [$10,000.00].

Upon appeal, we will not adjust a sentence which is authorized by statute and which is not manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not "manifestly unreasonable" if any reasonable person could find the sentence to be appropriate to the offense and the offender. *Ford v. State*, (1979) Ind.App., 394 N.E.2d 250. In the present case, the State presented evidence that Atkins was engaged in long standing criminal enterprise dealing with stolen property. We cannot conclude that the trial court's sentence was manifestly unreasonable.

 We note that the trial court erred in ordering a one year consecutive sentence for the conviction of promoting professional gambling. As previously stated, this offense is a class D felony and has a minimum two year sentence. A reviewing court is required to correct an improper sentence even though the issue may not have been raised in a motion to correct errors. *King v. State*, (1974) 161 Ind.App. 196, 314 N.E.2d 805. The judge, although vested with broad discretion in sentencing, is required to act within the statutorily prescribed limits. *Barnett v. State*, (1981) Ind.App., 414 N.E.2d 965. A penalty provided by the legislature may be set aside only if it is unconstitutional. *Clark v. State*, (1974) 160 Ind.App. 206, 311 N.E.2d

439. The trial court erred by not entering a two year sentence. This count is remanded to the trial court for proper sentencing.

In summary, we affirm four of the theft convictions and the conviction for promoting professional gambling. One theft conviction, count eight dealing with the Sharp .22 caliber four-barrel pistol, is reversed. The conviction of promoting professional gambling is remanded for sentencing.

The judgment is affirmed in part, reversed in part, and remanded.

RATLIFF, P. J., and NEAL, J., concur.