Tony JENKINS, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 39A04–9007–PC–350.

Court of Appeals of Indiana,
Fourth District.

March 26, 1991.

Susan K. Carpenter, Public Defender, Kenneth L. Bird, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Tony Jenkins appeals the Jefferson Circuit Court's denial of his petition for post conviction relief.

We affirm.

A jury in 1983 found Jenkins guilty of rape, battery, and burglary. He took the pregnant victim out of her home to a vacant lot and there raped and stabbed her twice with a steak knife taken from her home. While stabbing her the second time, he stabbed himself in the leg. Although the victim could not identify Jenkins as her assailant, he had a stab wound on his leg, his blood type was the same as that of the assailant, and tape ·recordings containing admissions against interest he made during interrogation by the police were admitted into evidence.

On direct appeal, the Supreme Court affirmed Jenkins's conviction in *Jenkins v. State* (1985) Ind., 485 N.E.2d 625. From denial of his petition for post conviction relief, Jenkins appeals.

He first argues the information does not charge the crime of rape with a deadly weapon[1] because one of the essential elements ·of that crime, force, is not alleged therein. We disagree.

The information filed against Jenkins read

> On or about the 28th day of August, 1982, ... the Defendant, Anthony Dale Jenkins, knowingly had sexual intercourse with [J.O.] a member of the opposite sex by using or threatening the use of deadly force or while armed with a deadly weapon, a knife in violation of Indiana Code 35-42-4-1, and against the peace and dignity of the State of Indiana.

▆ The first question is whether Jenkins has waived this issue because it could have been addressed in the direct appeal, was not, and thus, is waived for post conviction remedy purposes. *Combs v. State* (1989), Ind., 537 N.E.2d 1177. Additionally, there is a question of whether, being fundamental error, the issue could be raised in this proceeding despite Jenkins's failure to raise it in his direct appeal. *Perkins v. State* (1989), Ind., 541 N.E.2d 927; Ind. Post Conviction Rule 1, § 1(a)(1). Only er-

---

1. In 1982 when Jenkins was charged, IND. CODE 35-42-4-1(a) read in pertinent part:
   A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:
   (1) the other person is compelled by force or imminent threat of force; ...
   commits a rape, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force or while armed with a deadly weapon.

rors which are blatant, and if not rectified would deny petitioner fundamental due process, constitute fundamental errors which may be considered in post conviction proceedings under P.C.R. 1, § 1(a)(1). *Bailey v. State* (1985) Ind., 472 N.E.2d 1260, 1262, *reh. denied.*

■ A charging instrument must allege each essential element of the charge. *Kelly v. State* (1989) Ind., 535 N.E.2d 140. As Judge Staton recently said:

> The information plays a crucial role in guaranteeing due process rights, for "[b]oth the Indiana Constitution and the United States Constitution provide that an accused shall be informed of the charges against him", (citation omitted), and "[d]ue process requires that defendants be notified of the charges against them...." The purpose behind an information is to give the defendant notice of the crime for which he is charged, so that he is able to prepare a defense.... Thus, "[c]onviction of an offense neither charged nor included within the criminal conduct alleged constitutes a denial of due process...."

*Salary v. State* (1988), Ind.App., 523 N.E.2d 764, 765–766.[2] Clearly, the question of whether the allegations in an information sufficiently charge each element of a crime is a matter of constitutional dimension, and assertable in a petition for post conviction relief.

■ Jenkins argues the information's operative language "omits an essential element of rape—force—and does not, therefore, charge a crime." (Appellant's Brief at 13). He postulates he did not use force because the victim did not resist his attack. For that reason, he claims, the information did not sufficiently inform him of the nature of the charge, and in fact, did not charge a criminal offense. We disagree.

The purpose of an information is to inform the court of the facts alleged and "to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail of his conviction or acquittal for protection against further prosecution for the same offense." *Trotter v. State* (1981), Ind., 429 N.E.2d 637. Did this information inform Jenkins of the nature of the charges against him? Clearly, the answer is yes, as the trial court found.

The statute disjunctively defines the elements of rape regarding force. Rape is committed if the assailant compels the victim to engage in sexual intercourse in either one of two ways, namely, by using "force", or by using the "imminent threat of force" to gain his ends. IC 35–42–4–1(a) The information's charge contains the wording, "by using or threatening the use of deadly force or while armed with a deadly weapon, a knife."

Jenkins argues even though J.O. did not consent to sexual intercourse, the fact she did not resist renders the State's argument regarding force totally without merit. Jenkins ignores the information's language "by threatening the use of force or while armed with a deadly weapon."

The evidence at trial showed Jenkins not only was wielding a knife during this encounter, he stabbed J.O. twice. His use of a knife in that manner obviously satisfies either or both the force and the imminent threat of force elements of the rape statute. Thus, Jenkins had due notice of what he was required to defend against at trial. We find no error here.

2. Appellant's Brief at p. 11 attributes the following statements to *Sacks v. State* (1973), 157 Ind.App. 407, 300 N.E.2d 356:

> This requirement is based in U.S. Const., amends. V, VI, and XIV, Ind. Const., art. 1, §§ 12 and 13, and Ind.Code § 35–35–1–2 (1988). *Ibid.* The requirement flows from the rights, among others, to due process and due course of law, to be informed of the nature and cause of the accusation, and to a fair jury trial. *Ibid.*

Such statements neither appear verbatim nor substantially in *Sacks,* as even a casual glance at that case clearly shows. We believe, however, this error may stem from a misunderstanding of the function and purpose of the Latin word "*ibidem*". It means

> Lat. In the same place; in the same book; on the same page, etc. Abbreviated to "*ibid.*" or "*ib.*"

*Black's Law Dictionary,* Revised Fourth Edition, West Publ. Co. (1968).

Jenkins next complains the audio tapes containing two incriminating statements he made to police were admitted into evidence below, but only their transcripts were made part of the record on appeal to the supreme court, not the tapes themselves. He asserts the audio tapes would have

(a) cast doubts on the court's reasons for finding the statements voluntary,

(b) shown inaccuracies in the transcripts,

(c) shown Jenkins was intoxicated or tired, and

(d) shown, for example, "the atmosphere throughout the tape recordings is one of coercion."

If the tapes had been included in the record on the direct appeal and those arguments made to the supreme court, they would have been to no avail. Such arguments merely amount to an invitation to the upper court to reweigh the evidence. The supreme court would not have done so. It neither weighs the evidence nor judges the credibility of the witnesses on appeal. If there is substantial evidence of probative value to support the jury's verdict, it will affirm the conviction. *Meredith v. State* (1987), Ind., 503 N.E.2d 880.

The "inaccuracies" of which Jenkins complains merely concerned whether Jenkins remembered stabbing the victim. That he was in the house with her, that they left together, and were both stabbed is not controverted. Clearly, the uncontested portions of Jenkins's statement are substantial evidence of Jenkins's guilt. The error, if any, in not including the audio tapes in the record on appeal was harmless. The facts here present no valid incompetency of counsel issue. Jenkins had his day in the upper court.

Affirmed.

CHEZEM and ROBERTSON, JJ., concur.